No. 2769

Second Circuit

MORGAN v. NELMS

(Jan. 28, 1927. Opinion and Decree.)

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Master and Servant —Par. 156.**

The fact that an employee, suing for compensation under the Workmen's Compensation Act No. 20 of 1914, as amended, furnished his own wagon and team, employed laborers to help him, and was paid in accordance with the number of logs hauled is not incompatible with the relation of employer and employee, nor does it make him an independent contractor.

(See Sec. 1 par. 2 (a) and Sec. 6 of Act 20 of 1914 as amended. Editor's note.)

**2. Louisiana Digest—Master and Servant —Par. 159.**

Where the wages of an employee, suing for compensation under the Workmen's Compensation Act 20 of 1914, as amended, were fixed by the number of logs he hauled, his compensation should be gauged by the wages earned by one employed to do the same job.

**3. Louisiana Digest—Master and Servant —Par. 159, 159 (a).**

Where an injured employee, suing for compensation under the Workmen's Compensation Act No. 20 of 1914, as amended, is totally disabled for a period of time after which his earning capacity is reduced, he will be granted compensation as for total disability to the time when he was able to earn wages after which his compensation is granted for partial disability, the total period of compensation not exceeding 300 weeks.

(See Sec. 8, subsection 2 (b) and 2 (c) of Act 20 of 1914, as amended by Act 85 of 1926. Editor's note.)

Appeal from Ninth Judicial District Court of Louisiana, Parish of Grant. Hon. R. C. Culpepper, Judge.

Action by Jim Morgan against John L. Nelms.

There was judgment for plaintiff and defendant appealed.

Judgment amended and affirmed.

Peterman Dear & Peterman, of Alexandria, attorneys for plaintiff, appellee.

Hardin, Hardin & Cavanaugh, of Leesville, attorneys for defendant, appellant.

WEBB, J. In this action plaintiff seeks to recover judgment for compensation for injuries alleged to have been received by him while in defendant's employ and to have resulted in permanently totally disabling him to do any work of a reasonable character.

Plaintiff was engaged in hauling logs, and while loading his wagon a log fell or rolled against him, breaking both of his legs in two places, at the ankles and three inches above the ankles.

The accident occurred on October 16, 1924; suit was filed October 2, 1925; trial had on June 1 1926; and judgment was rendered in favor of plaintiff for compensation at the rate of $20.00 per week beginning October 16, 1924, and for a period of 300 weeks, with 5 per cent per annum interest on all past due payments, and for all costs.

Defendant appeals, and urges that the judgment should be reversed on the ground that the evidence established his defense that plaintiff was an independent contractor, and that, if it be held to the contrary, the judgment fixing the amount of the weekly payments was erroneous and should be reversed.

Considering the contention that the evidence establishes that plaintiff was an independent contractor, we find that while there was some evidence offered tending to establish that plaintiff had contracted to perform a certain specific piece of work, to haul all of the logs from a certain tract of land, that it was not established, but the evidence does show that at the time plaintiff was injured he was hauling logs for defendant under an agreement that plaintiff would furnish his own team and wagon and would receive $3.00 per thousand fee for the logs hauled, and that during the course of plaintiff's work he had employed laborers to assist him; and the defendant having testified that he did not maintain control over plaintiff as to the manner or method in which he did the work, the defendant contends that plaintiff is thus shown to have been an independent contractor.

While the circumstances of the plaintiff's having furnished his own team and wagon and being paid on the basis of the number of feet of logs hauled, and that he employed laborers to assist him in the work may be said to indicate that plaintiff was an independent contractor, and in some cases entitled to great weight, they are not conclusive, and when advanced in support of the defense in an action under the employers' liability statute, they have little weight in determining the nature of the work undertaken and its relation to the parties. (Burt vs. Davis Lumber Co., 157 La. 111, 102 South. 87; Heine vs. Hill Harris & Co., Inc., 2 La. App. 384.)

. In Burt vs. Lumber Co., which was an action for compensation under the employers' liability statute, in which the defendant pleaded that plaintiff was an independent contractor, it was said with reference to the circumstance of the plaintiff having furnished his own team and wagon, and being paid on the basis of the amount of lumber hauled,

"Nor does the fact that the employee furnished his wagon and team alter his relations with his employer, nor does such fact put the employer in the character of an independent contractor. The circumstances of an employee furnishing his own team or tools could be of significance or weight at most in fixing the average weekly wages,"

or, in other words, such circumstances of themselves are not incompatible with the relation of employee and employer. (Dick vs. Gravel Co., 152 La. 996, 95 South. 99; Bell vs. Lumber Co., 151 La. 824, 92 South. 350.)

In those cases, however, it did not appear that the employees, or persons furnishing the tools or outfit with which they worked and . for which work they were paid at a rate per measure, had employed other laborers to assist them in their work, and the present case may be differentiated from the cases cited in that respect.

While we think it must be conceded that where one has been engaged to do work which from its nature required him to employ laborers to assist him, such fact would be entitled to great weight in determining whether or not he was an independent contractor, we do not think that the fact that a person who has been employed to perform work has employed others to assist him necessarily indicates that he was an independent contractor.

The statute, considered restrictively, may be said to have as its object, the protection of laborers who may be injured while performing work necessary in conducting certain businesses declared by the statute to be hazardous; and where it appears that the person injured was performing such work, circumstances which ordinarily would tend to show that he was an independent contractor, would be entitled to little consideration.

It is conceded that the work which plaintiff was doing at the time of the accident, that is, loading logs on a wagon, was such as would have entitled him to recover compensation had he been an employee of the defendant, who was engaged in the business of logging, and as it does not appear that the work undertaken by plaintiff, that is, hauling logs, necessarily required that he should employ laborers to assist him in the work, we do not think it can be said that it was in the contemplation of the parties that he would do so; and the fact of plaintiff having employed someone to cut roads in order to expedite his work, did not affect the situation.

As we view the evidence, it establishes that defendant, who was conducting the

business of logging, engaged plaintiff to perform work of such nature that defendant knew that persons who were injured while doing such work were protected by the statute, and that it was understood the plaintiff would use his own team and wagon in performing the work, and that he would be paid on the basis of the work done, and that plaintiff did employ persons to assist him in expediting his work does not establish that plaintiff was an independent contractor.

As to the extent and period of plaintiff's disability and the amount of compensation:

The evidence establishes that plaintiff has not been totally disabled to do any work of a reasonable character. It appears, however, that he was totally disabled from the time of the accident to February, 1925, at which time he was able to ride horseback and drive cattle and earn wages.

At the time of the accident, plaintiff was hauling logs and with the use of his team was making about six or seven dollars per day, and the evidence shows that at. that time the wages of a teamster or driver was $3.25 per day.

Since the accident, plaintiff is shown to have earned some wages in February, 1925, being paid at that time $2.00 per day for driving cattle, and at the time of the trial he was driving a school wagon, the wagon and team being furnished by him, for which he received $50.00 per month.

While the evidence does not enable us to fix, with certainty, the amount which plaintiff was earning at the date of the accident, nor the amount which he was able to earn after February, 1925, we think that the basis for determining the amount

he was earning at the time of the accident should be the amount it would have required to employ someone to drive his team and haul the logs, or $19.50 per week, and the minimum amount which plaintiff was able to earn after the period of total disability could not have been less than $5.00 per week; and we conclude that, for the period of total disability, from October 16, 1924, to February 1, 1925, the weekly compensation should be sixty-five per cent of $19.50, and thereafter sixty-five per cent of $19.50 less $5.00.

It is therefore ordered, adjudged and decreed that the judgment appealed from be amended so as to allow the plaintiff to recover compensation during the period of disability, not exceeding three hundred weeks, at the rate of $12.70 per week from October 16, 1924, to February 1, 1925, and thereafter at the rate of $9.40 per week, and that all payments shall bear interest at the rate of 5 per cent per annum from date of maturity; and that as thus amended the judgment appealed from be affirmed. Plaintiff to pay the cost of the appeal.