43 So.2d 630 (1950)
DEASON
v.
COAL OPERATORS CASUALTY CO. et al.
No. 7338.
Court of Appeal of Louisiana, Second Circuit.
January 4, 1950.
Stafford & Pitts, Alexandria, for appellants.
R. D. Watkins, Minden, Campbell & Campbell, Minden, for appellee.
KENNON, Judge.
Defendants have appealed from a judgment of the District Court awarding plaintiff workman's compensation at the rate of $20.00 a week, not to exceed four hundred weeks (less credit of four weeks paid), and for medical expenses.
Our learned brother of the District Court gave good reasons for his judgment, which we quote with approval:
"Defendant J. D. Davis was engaged in the business of buying, cutting, hauling, shipping and selling pulpwood to a paper mill. Plaintiff was employed by J. D. Davis to furnish his own truck, or trucks, and equipment for cutting and hauling pulpwood, paying his own employees, doing some work himself, and receiving in full compensation $8.90 per cord of wood cut, hauled and delivered at Jena, Louisiana, for shipment by defendant, J. D. Davis.
"It is admitted that Plaintiff, while engaged in the pulpwood operation for which he was employed, sustained accidental injuries resulting in his total, permanent disability under the Workmen's Compensation Law, and that, as treatment for said injuries, he incurred medical expenses in excess of Five Hundred and no/100 ($500.00) Dollars. It is further conceded that if he is entitled to compensation, the rate should be in the amount of Twenty and no/100 ($20.00) Dollars per week. The only defense is that plaintiff was an independent contractor, and therefore, was not covered by the Workmen's Compensation Act. As stated in the brief filed on behalf of defendant, this is the only issue involved in the case.
"The facts were developed on the trial of the case almost entirely from the testimony of Plaintiff, and of the defendant, J. D. Davis. Counsel for defendant urges that Mr. Davis, being the brother-in-law of the Plaintiff, was disposed favorably toward Plaintiff and did all that he could to aid Plaintiff in making out his case. It was clear to the Court that Mr. *631 Davis was so disposed, but the Court is not in the position to conclude that as a result of his interest in the matter, Mr. Davis was deliberately untrue in any respect. Substantially, the following facts were developed in the testimony. Mr. Deason owns the trucks which were used in hauling wood for Mr. Davis. He hired and paid such employees as he deemed necessary to perform the work which he had undertaken. He cut wood from various tracts as directed by Mr. Davis, and could be moved by Mr. Davis at will from one tract to the other. He received $10.50 per cord, delivered on the railroad yard at Jena, less the amount which had been paid by Mr. Davis for the standing timber, which it appears, left Mr. Deason $8.90 net per cord. The agreement between the parties was verbal. It involved no specified quantity of wood no specific length of time, and no particular tract of timber. It is clear that either Mr. Davis or Mr. Deason could have terminated the agreement at will. While it does not appear that Mr. Davis exercised any particular supervision over Mr. Deason's operations, the Court concludes that inasmuch as he could terminate Mr. Deason's employment at will, he thereby had the effective power to supervise and control Plaintiff's operations. Essentially, the case falls into the same pattern as the case of Collins v. Smith, [La.App.] 13 So.2d 72. Counsel for defendant concedes that if said case is followed herein that Plaintiff must recover; however, counsel strenuously urges that the case is unsound and has in effect been overruled by the case of Murphy v. Tremont Lumber Company, [La.App.], 22 So.2d 79. The careful examination of the Murphy case indicates that the injured Plaintiff entered into a written contract with the defendant whereby, for a specified price per thousand board feet, he agreed to cut and haul to a specified loading track of defendant, all of the timber of certain species, to be cut from a specified tract of land. The contract, in considerable detail, set forth the rights of both parties, providing for a date of beginning work and a final time limit for the completion of the work.
"It is clear that the Murphy case can be distinguished both from the case at bar and from the Collins case in several respects: (1) In the Murphy case, the location from which the logs were to be cut and moved was specified. (2) Neither party had the right to terminate the work except upon completion of the entire work contracted for. (3) Time limits were stated within which the work was to be done. It follows, accordingly, that Defendant had no control or supervision over Plaintiff's activities in the Murphy case, other than as specifically provided for within the terms of the contract itself. The Court, therefore, concludes that the Murphy case does not overrule the Collins case, and that Plaintiff, Mr. Deason, under the authority of the Collins case, must be deemed to be an employee and not an independent contractor.
"The essential criterion seems to be found in the ability of the employer to terminate the work at will. Any employee cannot deem to be independent when his work can be stopped at the will of the employer, because, as we have observed above, the power to terminate the employment, of necessity, gives to the employer the power to control the activities of the employee. Furthermore, when such a situation prevails, it cannot be said that there is an agreement as to the specified result of the work, either as a unit or as a whole, because there is no certainty as to the result and no means existing independent of the will of the employer for determining and limiting finally the work to be performed."
The record sustains the finding of fact set forth in the District Court's opinion.
The fact that plaintiff's employer, J. D. Davis, considered plaintiff an employee rather than an independent contractor, is further shown by the fact that plaintiff was carried by Davis as an employee on his payroll for the purpose of workmen's compensation insurance and a premium paid by Davis to include Deason as an employee.
The judgment appealed from is affirmed, with costs.