On application for rehearing plaintiff Marcel L. Pothier complains that our judgment reducing the award to him to the sum of $175 failed to give him legal interest from judicial demand. Applicant

is in error in this contention. The judgment of the Court of Appeal awarded him legal interest from judicial demand and all costs, and in our decree we amended the judgment of the Court of Appeal by reducing the award to $175 and affirmed that judgment as amended. This means that the award of $175 carried with it interest from judicial demand and all costs.

Rehearing refused.

79 So.2d 483

Dewey AMYX

v.

HENRY & HALL et al.

No. 41684.

Feb. 14, 1955.

Rehearing Denied March 21, 1955.

A. B. Parker, of Parker & Parker, Jena, George J. Ginsberg, Alexandria, for plaintiff-applicant.

John J. McKeithen, Theus, Grisham, Davis & Leigh, Monroe, for respondents.

SIMON, Justice.

This cause comes to us on certiorari, or writ of review, to the Court of Appeal, Second Circuit, Parish of Caldwell, and brings to us the two cases in tort that arose out of the same accident and which were consolidated for the purposes of trial and appeal.

The accident resulted from a collision on a dusty gravel road between two gravel trucks, one being driven south by Fred Anette Ainsworth, plaintiff in one suit, and owned by Dewey Amyx, plaintiff in the other suit, while the other truck was being driven north by Dan Guin, one of the defendants in the consolidated cases, and owned jointly by the said Dan Guin and George E. McCart, another defendant.

Amyx brought this tort action, bearing No. 8058 of the civil docket of the Twenty-Eighth Judicial District Court, Caldwell Parish, for recovery for damages done to the gravel truck owned by him and driven by Ainsworth, against Dan Guin, George E. McCart, Henry & Hall, a partnership, its individual members, Reginald T. Henry and Melvin Hall, Jr., and their insurance carrier, the Aetna Casualty & Surety Company.

Ainsworth also brought a tort action, bearing No. 8059 of the civil docket of the Twenty-Eighth Judicial District Court, Caldwell Parish, for the recovery for personal injuries received as a result of the accident against the same defendants herein named.

Guin and McCart failed to plead in either action, and as a result thereof judgment against them was rendered. No appeal from said judgment was taken by them, and, therefore, as to them the trial court's judgment is final.

The defendants Henry & Hall and their insurer, Aetna Casualty & Surety Company, filed answers denying that Guin and McCart were employees of Henry & Hall, and in the alternative denied any negligence in Guin, and in further and final alternative plead the contributory negligence of plaintiffs.

At the time of the accident, Ainsworth was hauling gravel for the Quality Gravel Company. The New Amsterdam Casualty Company, as the insurer of the said Quality Gravel Company, had paid workmen's compensation to Ainsworth in the sum of $3,170, and thus intervened in this suit and sought to be reimbursed said payment.

Upon trial of the issues presented by the consolidated cases, the trial court found

that the negligence of Daniel Guin was the proximate cause of the accident, and that Ainsworth was free of contributory negligence, and also held that the said Guin was not an independent contractor but an employee of Henry & Hall. It rendered a judgment in favor of Ainsworth for the sum of $7,500, of which amount the sum of $3,170 was directed to be paid to the New Amsterdam Casualty Company for reimbursement of its payment of workmen's compensation to Ainsworth. A judgment was rendered in favor of Amyx for the sum of $940.

Upon appeal to the Court of Appeal, Second Circuit, the trial court's judgment was affirmed insofar as it related to the negligence of Ainsworth and Guin, but reversed insofar as it related to the employment relationship of Guin and the partnership, Henry & Hall. Whereupon, plaintiffs and intervenor applied for writs from the Supreme Court and pray that we reinstate and affirm the trial court's judgment in its entirety.

Respondents and the Aetna Casualty & Surety Company pray that the judgment of the Court of Appeal, Second Circuit, be found correct in its holding that Guin was an independent contractor for whose acts Henry & Hall were not responsible; and, in the alternative, that Ainsworth be found guilty of contributory negligence, thereby defeating recovery by both plaintiffs and intervenor.

After a careful consideration of all the testimony in the case and the written opinion rendered by the trial court, we are convinced that the trial judge was correct in his findings of facts relative to the negligence of Guin and the absence of contributory negligence in Ainsworth, as exhaustively detailed by the trial judge and which were fully approved and adopted in their entirety by the Court of Appeal, Second Circuit. We have diligently read and analyzed these facts and find no palpable error justifying the reaching of a different view. In granting the writ herein, we were concerned primarily with the issue of the relationship of the parties, as to whether their respective status was that of master and servant or that of an independent contractor. Like the Court of Appeal, for the purposes of brevity, we adopt as our own the finding of fact and legal conclusions as found by the District Judge, insofar as the question of primary and contributory negligence is here presented, and quoted verbatim in the report of this case, found in 69 So.2d 69, at pages 70, 71 and 72.

Having concluded that defendant Guin was guilty of actionable negligence, and having absolved plaintiff Ainsworth of contributory negligence, we next consider the evidence adduced in this case with respect to the relationship existing between Guin and the partnership of Henry & Hall. The defendant partnership contends that its re-

▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄

lation to Guin was in no sense that of employer and employee, and that under the conditions as shown by the evidence he was an independent contractor.

In determining the nature of a contract as is here presented, the many factors growing out of its terms and conditions, including the attitude of the contracting parties, are to be considered. No one test is conclusive.

▄▄▄▄ The term "independent contractor", as was said in the case of Gallaher v. Ricketts, La.App., 187 So. 351, 355, "connotes a freedom of action and choice in respect of the undertaking and a legal responsibility on the part of the contractor in case the agreement is not fulfilled in accordance with its covenants." A contractee-independent contractor relationship presupposes a contract between the parties.[1] It likewise presupposes the independent nature of his business, and is not exclusive as to the means whereby it is accomplished. It should appear that the contract calls for a specific piecework as a unit to be done according to his own methods, without being subject to the control and direction, in the performance of the service, of his employer, except as to the result of the services to be rendered. It must also appear that a specified price

for the overall undertaking is agreed upon; that its duration is for a specified time and not subject to termination or discontinuance at the will of either side without a corresponding liability for its breach.[2]

▄▄▄▄ It is well settled by our jurisprudence that besides other factors, the most important test in determining "whether a person employed to do certain work is an independent contractor or a mere servant is the control over the work which is reserved by the employer."[3] It is also well settled that whether the employer "actually exercises control or supervision" over the movements and the services rendered by the employee, such a fact is of no great moment, the "important question is whether, from the nature of the relationship, he had the right to do so."[4] (Emphasis ours.)

Can we resolve in the case at bar that the defendant did not possess the right to control the method employed by Guin in the performance of his work, and are we justified in concluding that the defendant expected to hold Guin responsible for any damage it might suffer in case he did not perform the work assigned to him in proper fashion, or that either might be held liable for damages because of a breach of the contract, the nonperformance of the work on the part of Guin, or the termina-

1. 56 C.J.S. verbo, Master and Servant, § 3(2), p. 47.

2. 56 C.J.S. verbo, Master and Servant, §§ 3(1), 3(2), pp. 41–47.

3. 27 American Jurisprudence, p. 486, Section 6.

4. Gallaher v. Ricketts, supra; Olano v. Leathers, La.App., 2 So.2d 486; Collins v. Smith, La.App., 13 So.2d 72; American Jurisprudence, supra.

tion of the relationship at the will of either party? We think not.

In the case of Hartwig Moss Ins. Agency, Limited, v. Board of Com'rs of Port of New Orleans, 206 La. 395, 19 So.2d 178, 184, we said:

> "'An independent contractor is one who renders service in the course of an occupation representing the will of his employer only as to the result of his work, and not as to the means by which it is accomplished.' See 'Independent Contractor' in 21 Words and Phrases, Perm.Ed. p. 100."

Clearly, as found from the undisputed evidence, there was no actual contractor's agreement for any specific undertaking as one unit or as a whole, or for any specific amount of work to be performed all told or of services to be rendered over a specified period of time. Guin, who described himself as an "impecunious transient workman", owning one truck jointly with McCart, and who used it indiscriminately in obtaining hauling jobs of whatever nature, wherever obtainable, on hearing that defendant needed truck haulers, went to the gravel pit of defendant, offered his truck and services as a driver, at a rate of $2 per cubic yard, oil and gas to be paid for by him. There was no agreement as to how many cubic yards of gravel he would have to haul; he could haul one or five hundred, or none at all. There were from thirty to forty other truck drivers then operating their own trucks for defendant under the same conditions. Defendant did not own any trucks, nor did it use any, in these hauling operations. The loading of Guin's truck, and that of the other, was through the use of defendant's own equipment; its foreman supervised the quality and quantity of the gravel to be loaded, and once the truck was loaded, the driver was given, at the outset, and thereafter followed, specific instructions as to where to go and suggested either one of two designated routes to be followed; on reaching the road-building project, the gravel was then dumped under the supervision of the agents of the Highway Department. It would be specious to say that defendant could not, if it saw fit to do so, supervise Guin's work by directing him in regard to changes made necessary in the delivery of this gravel.

Defendant was not obligated to keep the services of Guin until he had finished any specified amount of work or for any definite period of time, nor was Guin obligated to "stay on" the job for any particular time or for the completion of the hauling of a specified or contracted quantity. Either could have terminated the relationship at his pleasure, and neither might have had any cause of action to recover damages as a result of a breach of the contract, or by the sudden, arbitrary or capricious termination of the work relationship between them. Mutuality of obligations being the essence of contracts, it is undisputed that Guin and the defendant had no obligations

whatsoever, except in respect to their own respective wishes, and no liability could legally attach by exercising this privilege.

■ We must conclude that being terminable at the will of either party that fact alone is sufficient, when considering the other circumstances of the employment, to signify that the contract created a relationship of master and servant. [5]

In 14 Ruling Case Law, p. 72, is found the following:

"Power to Terminate Contract.— The power of an employer to terminate the employment at any time is incompatible with the full control of the work which is usually enjoyed by an independent contractor, and hence is considered as a strong circumstance tending to show subserviency of the employee. Indeed, it has been said that no single fact is more conclusive, perhaps, than the unrestricted right of an employer to end the particular service whenever he chooses, without regard to the final result of the work itself. On the other hand, the fact that the employer cannot terminate the employment strongly tends to show that the contractor is independent. The relation between the parties is, however, to be determined from all the surrounding indicia of control, and the sole

5. Davidson v. American Drug Stores, Inc., La.App., 175 So. 157; Taylor v. Victoria Nav. Co., La.App., 176 So. 519; Deason.

circumstance that the employer has reserved the right to terminate the work and discharge the contractor does not necessarily make the contractor a mere servant. The contractor does not generally lose his independence because the contract empowers the employer to terminate the employment upon the happening of some contingency, such as a breach of the covenants of the contract. The courts do not make the right to discharge the employee the decisive test whether he is an independent contractor, but look to the broader question whether he was in fact independent or subject to the control of the person for whom the work is done, as to what should be done and how it should be done." [6]

Other features of this contract, and the method employed in rendering the services called for, show that Guin was carried on the weekly payroll of the defendant, as were the other truck drivers, and he was paid his earnings at the end of each work week; that defendant deducted each week the prorata amount due by Guin to cover workmen's compensation insurance in case of disability; it is also shown that the defendant carried liability insurance covering all phases of his contract, as a whole, though it did not own or operate trucks of

v. Coal Operators Casualty Co., La.App., 43 So.2d 630.

6. Bell v. Albert Hanson Lbr. Co., Limited, 151 La. 824, 92 So. 350.

its own. The record does not show that Guin carried similar policies of insurance in connection with his employment. As a consequence we may rightly assume that the defendant in doing so necessarily intended to protect itself against any liability incurred through acts of negligence of his truck drivers and other employees.

The fact that Guin offered to and did use his truck as a means of transportation, and furnished all necessary gasoline and oil for his own truck used on the job, does not, in itself, make him an independent contractor within the meaning of the term as defined by our courts. [7]

Counsel for defendant, in urging that we should conclude that Guin was an independent contractor, cites several cases and places great reliance on the case of Eames v. Alexandria Contracting Co., Inc., La.App., 154 So. 510, 512.

The facts of that case are quite different from those appearing here, for there the parties contracted their trucks to the general contractor and *selected, furnished and paid their own drivers,* the drivers being employees of the parties furnishing said trucks, and under such circumstance were held to be independent contractors. We perceive a marked distinction between the facts of

the cited case and the evidence submitted in the instant matter.

The other cases relied upon by counsel for defendant are clearly distinguishable from the evidence presented herein, and the conclusions therein reached are not applicable.

Under the facts as above set forth, and our jurisprudence applicable, we agree with the district judge that the relationship of Guin and the defendant partnership was purely that of master and servant, and not that of an independent contractor, which would otherwise relieve the defendant, the individual parties and their insurer, of liability.

For the reasons given, the judgment rendered by the Court of Appeal, Second Circuit, is hereby reversed insofar as that judgment reverses the judgment of the district court, and the judgment of the district court is affirmed insofar as it imposes liability upon Henry & Hall, the partnership, its individual members, Reginald T. Henry and Melvin Hall, Jr., and their insurer, the Aetna Casualty & Surety Company.

In all other respects the judgment rendered by both courts is affirmed. The costs of appeal to be assessed against the de-

---

7. Collins v. Smith, supra; Burt v. Davis-Wood Lumber Co., 157 La. 111, 102 So. 87; Dick v. Gravel Logging Co., Inc., 152 La. 993, 994, 95 So. 99; Morgan v. Nelms, 5 La.App. 414; James v. Hillyer-Deutsch-Edwards, Inc., 15 La.App. 71, 130 So. 257; Lee v. Mark H. Brown Lumber Co., 15 La.App. 294, 131 So. 697; McKay v. Crowell & Spencer Lumber Co., La.App., 189 So. 508; Litton v. Natchitoches Oil Mill, Inc., La.App., 195 So. 638; McDaniel v. Federal Underwriters, La.App., 2 So. 2d 289.

fendants, Henry & Hall and Reginald T. Henry and Melvin Hall, Jr., and their in-. surer, the Aetna Casualty & Surety Company, in equal proportions.

HAWTHORNE, Justice (dissenting).

I am of the opinion that the judgment of the Court of Appeal reported in 69 So.2d 69 is correct and should be affirmed.