157 So.2d 118 (1963)
Alvin G. KAMM
v.
Edward H. MORGAN and Norris Pest Control, Inc.
No. 1039.
Court of Appeal of Louisiana, Fourth Circuit.
May 6, 1963.
On Rehearing November 4, 1963.
*120 Price & Francipane, Chester Francipane, Metairie, for plaintiff and appellant.
Reed, Reed & Reed, Floyd J. Reed, New Orleans, for Norris Pest Control, Inc., defendant and appellant.
Clay, Coleman, Dutrey & Thomson, Richard B. Jurisich, New Orleans, for Edward H. Morgan, defendant and appellee.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Thomas P. Walshe, Jr., New Orleans, for Travelers' Ins. Co., third party defendant and appellee.
Before McBRIDE, REGAN and SAMUEL, JJ.
Before McBRIDE, REGAN, YARRUT, SAMUEL and HALL, JJ.
REGAN, Judge.
Plaintiff, Alvin G. Kamm, instituted this suit against the defendants, Edward Morgan and Norris Pest Control, Inc., endeavoring to recover the sum of $3,300.00, representing the value of a seaplane which plaintiff loaned to Morgan to use in servicing several pest control contracts, and which he negligently sank in the Mississippi River during the course of his employment by Norris Pest Control, Inc.
The defendant, Morgan, answered and asserted that the plane sank as a result of plaintiff's negligence in failing to maintain it in a sea or airworthy condition. In the alternative, he averred that improper maintenance was, at least, an act of negligence which contributed to the loss thereof.
The defendant, Norris Pest Control, answered and denied that an agency relationship existed between itself and Morgan, but that Morgan was, in fact, an independent contractor when the loss occurred. In the alternative, the defendant insisted that the plaintiff was guilty of contributory negligence in that he furnished Morgan with a seaplane which was equipped with defective pontoons.
Norris Pest Control then brought a third party action against The Travelers Insurance Company, its liability insurer, alleging that if it were cast in judgment, then the third party defendant was liable to it for the amount thereof. In addition thereto, Norris Pest Control prayed for the recovery of attorney's fees which it had incurred in defending this suit on the theory that Travelers, in conformity with the terms of the policy of insurance which it had issued to third party plaintiff, was required to provide a defense to this suit, which it refused to do.
The third party defendant answered and denied liability resulting from any judgment in which Norris Pest Control, Inc. was cast. It further asserted that it was not obligated to defend Norris Pest Control herein since plaintiff's cause of action was predicated on facts which clearly were not covered by its contract of liability insurance.
From a judgment awarding plaintiff $3,300.00 against the defendant, Morgan, and dismissing both plaintiff's suit against the defendant, Norris Pest Control, and the third party action, both plaintiff and Norris have prosecuted this appeal.
The evidence inscribed in the record clearly reveals that the plaintiff's seaplane was caused to sink as a result of the sole negligence of Morgan. He testified that on February 19, 1961, he departed in the plane from New Orleans to service several accounts located near the mouth of the Mississippi River. In the course of this work, he was required to land and take off approximately three or four times. When Morgan was executing a take off from a point in Port Eads, Louisiana, he noticed *121 that the nose of the plane was not lifting properly and, at the time, he attributed its loggy performance to the fact that the pontoons contained some water. Instead of landing the plane immediately or beaching it in order to rectify this condition, he continued in pursuit of his work and made no effort to pump the water from the pontoons until it was too late to save the plane. Thus, the trial court very properly reasoned that the proximate cause of the sinking was Morgan's negligence in failing to timely correct a dangerous condition which he knew to exist, and which could have been remedied.
In addition, the trial court concluded that Morgan was not an employee of Norris at the time, but an independent contractor. This finding of fact relieved Norris from any liability resulting from the loss of the plane.
Counsel for plaintiff insists that the trial court erred in this finding, and argues that the relationship between the defendants was actually that of master and servant.
The facts pertinent to a determination of the character of the relationship which existed between the defendants when the loss occurred are these:
Morgan initially became associated with Norris Pest Control as a salaried employee, who was hired to pilot an airplane to areas near the mouth of the Mississippi River in order to service contracts for Norris Pest Control. In October 1958, the company decided to discontinue servicing contracts in these remote areas because it did not have enough business to justify owning an airplane and paying a pilot's salary.
Thereafter, Norris and Morgan entered into a verbal agreement by virtue of which Morgan purchased the plane[1] and continued to service the Norris accounts. The parties agreed that Norris would furnish the insecticide and the use of the firm name to procure the pest control contracts. Morgan, in turn, was to service the accounts, using his own plane to do so. He was responsible for providing both fuel and maintenance for his plane. Norris explained the arrangement as a sale of the accounts to Morgan, together with the plane. The reason that the Norris firm name was used in contracting with customers was because Morgan was not licensed by the state to operate a pest control business. In exchange for the use of its name and billing facilities, Norris received 15% of the gross income emanating from the contracts serviced by Morgan. The balance thereof was paid to Morgan when the bills were paid by their customers. Norris did not withhold income or social security taxes from Morgan's share, nor did Norris Pest Control carry him as an employee on its own income tax returns.
While Morgan was required to furnish service at stated intervals to customers, which was called for in the service contracts, he planned his own work schedule.
It is true that A. L. Norris, president of Norris Pest Control Company, signed the contracts with the customers; however, it was Morgan who actually determined the price for which their services were to be rendered.
There also existed an agreement between Morgan and Norris to the effect that each possessed the right to terminate their oral agreement at will.
Predicated on the foregoing facts, the trial judge concluded that Morgan was an independent contractor.
Counsel for plaintiff asserts that the legal relationship which existed between the defendants was that of employer and employee. He has correctly pointed out that our appellate courts, in many cases, have implied a master and servant relationship in those instances where the parties involved *122 are permitted to terminate their relationship at will.[2]
Despite the fact that possession of the right to terminate has been considered one significant criterion in classifying the character of such a relationship, as that of master and servant, we are convinced that the most important test thereof which our jurisprudence has created is the amount of control that the employer has the right to exercise over the employee in the performance of the services agreed upon. Thus, if the employer possesses the right to direct the manner in which the work is performed by the employee, there is clearly a master-servant relationship established. However, if the employer or contractor is only interested in the end result and retains no right to supervise the manner in which the contract or work is performed, then the party rendering the service is characterized as an independent contractor.[3]
In this case, the record is very clear to the effect that Morgan conducted the pest control services which he rendered as he desired. He planned his own itinerary and he even determined the price for which his services would be rendered. In effect, he acted as a subcontractor who submits a bid to a principal to perform services at a given price.
In addition to Morgan retaining control of the aforementioned pest control operations, he was treated by Norris as an independent contractor. Morgan was not compensated on a weekly basis, nor were tax deductions withheld by Norris from Morgan's commissions.[4]
Therefore, we are of the opinion that the trial court properly characterized Morgan as an independent contractor.
The final question which this appeal has posed for our consideration is whether Travelers was obligated to provide Norris with a defense to this suit.
It will be recalled that the plaintiff sued Norris Pest Control as the employer of Morgan. The pertinent parts of the policy of insurance upon which the insured predicated its claim for attorney's fees or a defense to this suit provides:
"With respect to such insurance as if afforded by this policy for bodily injury liability and for property damage liability, the company shall:
"(a) defend any suit against the insured alleging such injury, * * * even if such suit is groundless * * *."
"Coverage BProperty Damage Liability
"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident arising out of the hazards hereinafter defined."
The insurer contends that it was not responsible for providing its insured with a defense in this instance because the factual formulas through which plaintiff, in his petition, endeavored to reach Norris Pest Control and fix liability upon it, are clearly excluded from coverage under its policy.
An examination of the policy discloses that it specifically excludes coverage for property damage when the object, at the time of its damage, is within the care, custody and control of the insured or its agent. It states that the following is excluded:
"Under coverage B, to injury or to destruction of (1) property owned, occupied or used by or rented to the insured, or (2) except with respect to the *123 use of elevators, property in the care, custody or control of the insured or property as to which the insured for any purpose is exercising physical control."
We are of the opinion that the insurer must determine its obligation to provide a defense to this suit by evaluating the basis of the plaintiff's claim as it is revealed in his petition.[5] Since the plaintiff asserted therein that Norris was liable because of the negligence of its agent or employee, the insurer was under no obligation to defend this suit since its policy specifically excludes coverage for property damage caused by the insured or its agent, when the property is within the exclusive care, custody or control of the said agent.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.
SAMUEL, Judge (dissenting).
I must dissent from the holding that Morgan was an independent contractor.
The majority opinion refers to a consideration of two factors in determining the relationship between Morgan and Norris Pest Control, Inc.: 1st. the fact that either party could terminate their agreement at will, a circumstance normally found in an employer-employee relationship and frequently used by the jurisprudence in holding that such a relationship does exist; and 2nd. the amount of control one of the parties, Norris, had over the other in the performance by the latter of the services agreed upon. The majority concedes that the first is favorable to the relationship of employer and employee but favors the second as more important and concludes, from the second test alone, that Morgan is an independent contractor. I believe that Norris actually did have sufficient authority to require holding that Morgan was an employee or agent under both tests.
Morgan never having been a party to the customer contracts, Norris would be responsible thereunder, and would continue to own the contracts, after termination of their agreement. If the services were not being performed by Morgan to the satisfaction of Norris for any reason, or for no reason at all, Norris could require that they be performed as it desired under penalty of termination of the agreement by Norris. There is no material difference in effect or limitation of authority between this and the ordinary relationship between employer and employee, even the penalty being the same in both cases. It is the extent of authority which Norris could have exercised, not the authority actually exercised, which determines the relationship between the parties.
In addition, I am unable to understand how Morgan could be considered an independent contractor in the operation of a business which the law prohibited him from operating because he was not licensed to do so.
For the reasons assigned, I respectfully dissent.

ON REHEARING.
YARRUT, Judge.
A rehearing was granted for argument before the court primarily to review the business relationship between the two Defendants, whether employer-employee, or that of independent contractor. The panel which first heard this case decided that Morgan was an independent contractor, hence his co-Defendant, Norris Pest Control, Inc., was not liable to Plaintiff for the loss of the seaplane involved. The facts are not disputed and, for a quick review, are:
Morgan was originally employed by Norris as an itinerant pest control worker on *124 a fixed salary. Norris owned and furnished a seaplane in which Morgan, an experienced pilot, traveled to and from his work. Morgan solicited the work and Norris signed the contracts in its name.
Norris became dissatisfied with the employer-employee arrangement and substituted therefor a working agreement whereby Morgan bought Norris' seaplane, was to solicit the customers, and was to fix the cost of the pest control which Norris signed with the customers. Morgan was to perform the work and purchase all materials from Norris at cost; furnish his own plane, and the receipts from the customers were to be divided 85% to Morgan and 15% to Norris.
Morgan lost the plane he purchased from Norris to the holder of the mortgage who foreclosed thereon. Plaintiff, Morgan's friend, agreed to lend Morgan a plane, for which he did not intend to charge therefor, but which he said was worth $15.00 per hour. Plaintiff did not consult Norris, nor get its consent or approval, directly or indirectly.
While on a trip in the borrowed plane to the coastal area to do pest control for a Coast Guard installation, Morgan negligently caused the plane to settle in waters at the mouth of the Mississippi River, resulting in its total loss.
The contention between the parties is whether Morgan was an employee of Norris or an independent contractor.
Norris had no more responsibility for the cost of or loss of the plane than it would have if Morgan, obligated to furnish his own tools, defaulted in payment therefor or failed to return them to the owner if rented or borrowed.
Norris was not consulted by Plaintiff, had no knowledge of the arrangement between Morgan and Plaintiff for the use of the plane, and gave no consent, expressed or implied, thereto.
We considered the question of the relationship between Morgan and Norris as a possible joint venture. Plaintiff did not suggest such relationship, but insists that the employer-employee relationship existed between Defendants. Therefore, whether Morgan was an employee or independent contractor quoad Norris, the latter was under no obligation to furnish the means of transportation for Morgan, expressly or impliedly quoad Plaintiff. Accordingly, Norris is responsible neither for the rental nor the destruction of the plane due to Morgan's negligence.
The fact that Morgan was not licensed as a pest control worker, as required by law, is of no importance in this case. Plaintiff's claim is not based on Morgan's incompetence and negligent pest control work, but his negligence in operating the plane, which caused its loss, and with reference to which Morgan was an experienced and licensed pilot.
For the reasons herein assigned, the original opinion and decree are hereby reinstated and made the final judgment of this court.
Original decree reinstated.
REGAN, J., concurs.
NOTES
[1] Morgan was using Kamm's plane at the time of the accident because his own plane had been repossessed when he failed to pay the installments due thereon.
[2] Gallaher v. Ricketts, La.App., 187 So. 351; Malloy v. Buckner-Harmon Wood Contractors, La.App., 100 So.2d 242.
[3] Amyx v. Henry & Hall, 227 La. 364, 79 So.2d 483.
[4] Norris testified unequivocally that neither income nor social security taxes were deducted by Norris Pest Control from the 85% gross that was paid to Morgan. Morgan testified that he thought these amounts were withheld; however, his testimony reflects that he could not state this as a positive fact.
[5] Kelly v. United States Fidelity & Guaranty Company, La.App., 76 So.2d 116.