HALL, Judge.
Plaintiff filed this tort suit against Burns Forest Products, Inc., Cleotis Knox, and their liability insurer, Georgia Casualty & Surety Company, seeking to recover damages for injuries he sustained in an accident which occurred while plaintiff was driving a pulpwood truck owned by his employer, Forest Care, Inc., in the course and scope of his employment. Plaintiff alleged that a pulpwood log from an oncoming truck owned and operated by Knox, who was alleged to be an employee of Burns, fell into plaintiff’s lane of travel causing plaintiff’s truck to leave the road resulting in injuries to plaintiff.
The defendants answered denying liability. Defendants Burns and Georgia Casualty filed a motion for summary judgment contending that at the time of the accident plaintiff was engaged in the execution of work pursuant to a contract between his employer and Burns for the cutting and hauling of pulpwood, a part of Burns’s regular business, making Burns a principal liable for worker’s compensation under LSA-R.S. 23:1061 [1], and thus making worker’s compensation plaintiff’s exclusive remedy against Bums under LSA-R.S. 23:1032[2]. Defendants Knox and Georgia Casualty filed a motion for summary judgment contending that Knox was an employee of the principal, Burns, and that under LSA-R.S. 23:1032 plaintiff is barred from bringing a third party tort action against Knox. The trial court granted both motions for summary judgment and dismissed plaintiff’s suit against all defendants. Plaintiff appealed; we affirm.
The material facts are clearly established by the allegations of plaintiff’s petition and the depositions of plaintiff, Knox, the driver of the Knox truck, the president of Burns Forest Products, Inc. and a Burns forester who directed the operations of Forest Care, Inc., filed in support of the motions for summary judgment. The material facts on which defendants rely are not controverted by counter-affidavits or any other documents contained in the record.
Bums Forest Products, Inc. operates as a buyer and seller of timber and pulpwood, principally buying from land and timber owners and selling to Continental Can Company. Burns contracts with various producers, including Knox and Forest Care, Inc., to cut the pulpwood and deliver it to the buyer. Forest Care, Inc., plaintiff’s immediate employer, was formed for the purpose of cutting and hauling pulpwood for Burns and produced exclusively for Burns under *314 such contracts. Knox also produced exclusively for Burns. At the time of the accident Knox and Forest Care were cutting and hauling for Burns from separate tracts of timber owned by Bums. Plaintiff, driving a Forest Care truck, was returning from the mill where he had just delivered a load of pulpwood and the Knox truck was on the way to the mill with a load of pulpwood.
When an employee (plaintiff) of a contractor (Forest Care, Inc.) is injured by the negligence of an employee (Knox) of the principal (Burns) for whom the contractor is performing a service that is a part of the principal’s business, the employee’s exclusive remedy against either his own employer or the principal is worker’s compensation and the employee has no right to recover in tort from the employer, the principal, or the principal’s employee. LSA-R.S. 23:1061; LSA-R.S. 23:1032; LSA-R.S. 23:1101; Broussard v. Heebe’s Bakery, Inc., 263 La. 561, 268 So.2d 656 (1972); Pullig v. Shreveport Packing Company, Inc. of Kansas, 342 So.2d 1217 (La.App. 2d Cir. 1977); Foster v. Western Electric Company, 258 So.2d 153 (La.App. 2d Cir. 1972).
The service being provided by Forest Care for Burns was a part of Bums’s regular trade and business, i.e., the purchase, production, sale, and delivery of pulpwood. The cutting and hauling of the standing timber owned by Bums was necessary and essential in order for Burns to fulfill its contracts to furnish pulpwood to the mill; therefore, Forest Care’s activity was a “normal and integral” part of Burns’s business. Foster v. Western Electric Company, supra, and cases cited therein. Plaintiff’s exclusive remedy against Bums, the principal, is for worker’s compensation benefits and he has no cause of action against Bums in tort. Accordingly, the summary judgment dismissing plaintiff’s tort claim against Burns and its liability insurer is correct, there being no genuine issue as to any material fact pertinent to this holding. It is inconsequential that the claim asserted against Burns is based on the alleged vicarious liability of Bums as the employer of Knox.
Plaintiff alleged in his petition that Knox was an employee of Burns and plaintiff is bound by this allegation. Furthermore, the conclusion that Knox was an employee of Burns is established not only by plaintiff’s allegation in his petition but by the facts disclosed in the depositions.
In Hickman v. Southern Pacific Transport Company, 262 La. 102, 262 So.2d 385 (1972), the supreme court outlined the factors to be considered in determining whether an employer-employee relationship exists:
“It is well understood by the courts of this State that the term independent contractor connotes a freedom of action and choice with respect to the undertaking in question and a legal responsibility on the part of the contractor in case the agreement is not fulfilled in accordance with its covenants. The relationship presupposes a contract between the parties, the independent nature of the contractor’s business and the nonexclusive means the contractor may employ in accomplishing the work. Moreover, it should appear that the contract calls for specific piecework as a unit to be done according to the independent contractor’s own methods, without being subject to the control and direction, in the performance of the service, of his employer, except as to the result of the services to be rendered. It must also appear that a specific price for the overall undertaking is agreed upon; that its duration is for a specific time and not subject to termination or discontinuance at the will of either side without a corresponding liability for its breach. Amyx v. Henry & Hall, 227 La. 364, 79 So.2d 483 (1955).
“The law further recognizes that inquiry to determine whether a relationship is that of independent contractor or that of mere servant requires, among other factors, the application of the principal test: the control over the work reserved by the employer. In applying this test it is not the supervision and control which is actually exercised which is significant, the important question is whether, from *315 the nature of the relationship, the right to do so exists. Amyx v. Henry & Hall, ibid.”
See also: Franklin v. Haughton Timber Company, 377 So.2d 400 (La.App. 2d Cir. 1980), writ denied 380 So.2d 624 (La.1980); Hebert v. Gates, 50 So.2d 859 (La.App. 1st Cir. 1951); Deason v. Coal Operators Casualty Co., 43 So.2d 630 (La.App. 2d Cir. 1950). Compare Peterson v. Continental Can Company, 194 So.2d 171 (La.App. 2d Cir. 1967).
Knox produced pulpwood exclusively for Burns. Burns, through its employees, directed when and where Knox was to cut pulpwood and directed the quantity and size of the pulpwood Knox was to cut and deliver. Knox’s equipment and supplies were purchased through Burns who deducted amounts owed from Knox’s weekly pay check which was based on the number of cords of pulpwood cut and delivered during the week. Burns furnished worker’s compensation and liability insurance for Knox and his employees. A Burns forester checked the progress of Knox’s work daily to determine that it was being done correctly. Knox’s business was not independent; he was not free to carry out his work by his own methods but was under the immediate direction of Burns’s employees. Bums had the right to terminate its relationship with Knox without cause just as Knox had the right to leave the employ of Burns when he so desired, without incurring liability for breach of contract.
Plaintiff’s rights under the worker’s compensation law are exclusive of all other rights and remedies of plaintiff against Knox, an employee of the principal Burns. Accordingly, the summary judgment dismissing plaintiff’s tort claim against Knox and his liability insurer is correct, there being no genuine issue as to any material fact pertinent to this holding.
It having been determined that Knox was an employee of the principal and thereby immune from tort liability under the specific provisions of LSA-R.S. 23:1032, it is unnecessary to consider whether the immunity would extend to Knox if he were found to be an independent contractor, or to consider any of the issues posed in Johnson v. Alexander, 406 So.2d 1378 (La.App. 3d Cir. 1982), writs granted 412 So.2d 88 (La.1982).
The judgment of the district court is affirmed at appellant’s costs.
Affirmed.

. LSA-R.S. 23:1061:
“Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work ... any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed. ... ”

. LSA-R.S. 23:1032:
“The rights and remedies herein granted to an employee ... on account of an injury ... for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee ... against his employer, or any principal or any ... employee of such employer or principal, for said injury.... For purposes of this Section, the word ‘principal’ shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof....”