JjFITZSIMMONS, J.
Huey Singletary, Glenda Slaydon, Scotty Kitchen, and Nathan Dillard (“Singletary”) appeal from summary judgments granted in favor of Crawford & Company, Inc. (“Crawford”) and Asplundh Tree Expert Company (“Asplundh”), as well as James M. Taylor and Taylor, Wellons & Politz, L.L.C. (collectively “Taylor”). The summary judgments dismissed appellees from a lawsuit in which they had been named as parties on the basis of vicarious liability. Appellees, Crawford and Asplundh, answered the appeal, and sought payment of the legal costs at the trial and appellate levels of litigation. We affirm the grant of partial summary judgments; the claim for attorney fees is denied.
BACKGROUND FACTS
Mr. Singletary filed a claim in workers’ compensation against his employer, As-plundh. He prevailed on the merits. The instant appeal arises out of As-plundh’s investigation of Mr. Singletary’s claim.[1] Asplundh hired Crawford, an adjustor, to conduct an investigation of Mr. Singletary’s claim. Crawford retained the services of Executive Investigations & Associates, Inc. (“Executive”); whereupon, Executive hired a private investigator, Lyle Fridley (“Fridley”). •
In the appeal, Singletary alleges that Fridley trespassed on the property of one of the plaintiffs for the purpose of making video tapes and intercepting oral communications involving Singletary. The video tapes were provided by Fridley to Executive, which turned them over to Crawford and/or Asplundh. The tapes were then passed on to a member of the Taylor law firm, which was representing Asplundh.
Singletary alleged that the manner in which Fridley obtained the electronic surveillance violated plaintiffs’ right to privacy and was in contravention to the Electronic Surveillance Act. Asplundh, Crawford, and Taylor filed motions for partial summary judgment, which were granted by the court. On appeal, Singletary has alleged that the trial court erred in granting partial summary judgments in favor of As-plundh, Crawford, and Taylor.
| .¡VICARIOUS LIABILITY
It is solidly established that a master or employer is liable for the tortuous conduct of a servant or employee. La. C.C. art. 2320. Contrarily, an employer is not liable for the torts of an independent contractor employee committed in the course of performing his contractual duties. Two exceptions to this rule are: (1) when the injury results from an ultra-hazardous activity; and, (2) when the principal reserves the right to supervise or control the work of the contractor. Boudreaux v. Farmer, 604 So.2d 641, 651 n. 9 *694 (La.App. 1st Cir.1992), writs denied, 605 So.2d 1373, 1374 (La.1992). The right, as opposed to the act, of control by the employer of the employee’s performance of the work defines the essence of the classification of the relationship between the parties. Arnold v. Airborne Freight Corporation, 94-1728, p. 5 (La.App. 1st Cir.7/18/95), 667 So.2d 1063, 1066, writ denied, 96-0220 (La.3/15/96), 669 So.2d 420.
Appellees have maintained that Fridley operated as an independent contractor, rather than an employee; therefore, there is no vicarious liability. The Louisiana Supreme Court has explained that a relationship involving an independent contractor presupposes a contract between the parties for a' specific task to be accomplished, the independent nature of the contractor’s business and the nonexclusive means that the contractor may employ in accomplishing the task. The contractor should be free to employ his own method, subject only to the control and direction of the employer as to the result of the services to be rendered. Amyx v. Henry & Hall, 227 La. 364, 79 So.2d 483, 486 (1955).
. In the situation at hand, the contractual agreement for services by Fridley involved only Executive; it did not include appellees. Even more critical to the resolution of this case is the fact that there was no evidence presented that Fridley’s performance of the task of videotaping Single-tary might have been subject to the control of any of the appellees. There is no indication in the record that any of the appellees instructed Executive, or participated in any way, with respect to the method of conducting Fridley’s surveillance of Singletary. See La. C.C.P. art. 966 C(2). Irrespective of the classification of the employment relationship between Fridley and Executive, given the quite remote Land removed association between Fridley and appellees, an alleged infraction of the law premised on Fridley’s performance cannot be imputed to appellees[2].
LOUISIANA ELECTRONIC SURVEILLANCE ACT
Singletary also asserts liability on the part of Asplundh, Crawford and Taylor on the basis of a violation the Louisiana Electronic Surveillance Act. La. R.S. 15:1303. Section 1303 A(4) of the Act provides in pertinent part that it shall be unlawful for any person to: “[wjillfully use, or endeavor to use, the contents of any wire or oral communication, knowing or having reason to know that the information was obtained through the interception of a wire or oral communication in violation of this Subsection.”
The use of the video tapes of Mr. Singletary performing physical activities fails to come within the purview of the Electronic Surveillance Act. The audio portion of the tapes is incomprehensible and definitely not informative. In the absence of any auditory information, there can be no violation of the dictates of the Act.
LEGAL COSTS
In their answer to the appeal, Crawford and Asplundh complained of the trial court’s failure to award payment of the legal costs that had been incurred at the trial level, as well as those additional legal costs associated with the appeal. Louisiana law does not allow an award of attorney fees, except where authorized by statute or contract. Quealy v. Paine, Webber, Jackson & Curtis, Inc., 475 So.2d 756, 763 (La.1985). Appellants have not presented any statutory or contractual authority for an award of attorney fees in the instant lawsuit; nor are we aware of the existence of such a statutory or contractual basis in the instant matter. The award of legal fees is, therefore, denied.
*695 Accordingly, the grant of the partial summary judgments dismissing the actions against Crawford & Company, Inc., As-plundh Tree Expert Company, James M. Taylor, and Taylor, Wellons & Politz, L.L.C. is hereby affirmed. The claim for legal fees by appellees, Crawford and As-plundh, is denied. All costs associated with this appeal are | .^assessed to appellants, Huey Singletary, Glenda Slaydon, Scotty Kitchen, and Nathan Dillard.
AFFIRMED.
WEIMER, J., concurs.

. The parties entered into a Consent Agreement to Designate Partial Summary Judgment as Final Judgment. See La. C.C.P. art. 1915 B(l), as amended by Acts 1997, No. 483, § 2. The provisions of La. C.C.P. art. 1915 B(l) were,later amended in 1999 to provide that the designation for appeal can only be made by the court.

. The relationships involved in the instant matter are also distinguishable from the circumstances involving “dual employers” or the “two-master rule." See Morgan v. ABC Manufacturer, 97-0956, pp. 8-12 (La.5/1/98), 710 So.2d 1077, 1081-1083.