# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 25, 2022

Lyle W. Cayce
Clerk

No. 21-30046

Steven Eugene Henderson,

*Plaintiff—Appellant*,

*versus*

Atmos Energy Corporation, incorrectly named as
Atmos Energy,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:19-CV-13072

Before Richman, *Chief Judge*, and Clement and Duncan, *Circuit Judges*.

Per Curiam:*

Henderson sued Atmos Energy Corporation (Atmos) alleging vicarious liability for the actions of Miller Pipeline, LLC (Miller). Henderson filed a motion for leave to amend his complaint, seeking to add Miller as a

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-30046

defendant. The district court denied his motion. Atmos then moved for summary judgment contending that under Louisiana law, it cannot be vicariously liable for the actions of its independent contractor. The district court granted Atmos's motion. We affirm.

# I

Henderson alleges injuries from a slip and fall purportedly caused by the negligence of Atmos. Both parties agree that Miller is the party responsible for performing the work that Henderson contends caused his injuries. The parties also agree that Atmos had neither constructive nor actual notice of the mud that led to Henderson's alleged slip and fall. This case turns on Miller's contractual relationship with Atmos and whether Atmos can be held vicariously liable for the actions of Miller. Louisiana law provides the general rule that, "[a] principal is not liable for the torts of an independent contractor unless the principal exercises operational control over or expressly or impliedly authorizes the independent contractor's actions."[1]

The contract between Atmos and Miller contains two documents, a Master Services Agreement (MSA) and a task request. The MSA explains that it "does not authorize any [w]ork to be performed"; rather, authorized work is specified in the task request that was issued pursuant to the MSA. The task request contains instructions and specifications but does not add to or modify any term or condition of the MSA. The MSA contains an independent contractor provision and a termination at will provision with the only liability to pay Miller the unpaid balance due for work actually

---

[1] *LeJeune v. Shell Oil Co.*, 950 F.2d 267, 270 (5th Cir. 1992) (alteration in original) (quoting *Duplantis v. Shell*, 948 F.2d 187, 192 (5th Cir. 1991)).

performed. The task request contains a "Scope of Work" section, setting forth the parameters of the project.

Henderson filed his initial complaint against Atmos before the case was removed to federal court. Atmos filed a third-party complaint asserting that Miller was responsible for indemnifying Atmos in the event a judgment was rendered against it. The district court granted Atmos's motion to dismiss the third-party complaint against Miller without prejudice. During the approximately two months that Miller was a party to the lawsuit, Henderson did not attempt to depose any Miller representatives, or issue any discovery requests to Miller.

Nine months after Miller had initially been added to the lawsuit, Henderson filed his motion for leave to amend his complaint, seeking to add Miller as a defendant. The district court denied his motion. Shortly after, Atmos filed a motion for summary judgment, seeking dismissal on the basis that Miller is its independent contractor and under Louisiana law, it cannot be held vicariously liable for any alleged acts of its independent contractor. In addition to the MSA and task request, Atmos presented summary judgment evidence consisting of an affidavit of Scott Serou, the manager of engineering services for Atmos, and the deposition testimony of Louis J. Duhe.

The district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] If the movant demonstrates the absence of a genuine issue of material fact, then the nonmovant must "designate specific facts showing that there is a genuine issue for trial."[3] The

---

[2] FED. R. CIV. P. 56.

[3] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

No. 21-30046

nonmovant's burden "is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by unsubstantiated assertions, or by only a 'scintilla' of evidence."[4]

The district court granted the motion, and Henderson's case was dismissed with prejudice. Henderson appeals both the district court's grant of summary judgment for Atmos and the denial of his motion for leave to amend.

## II

This court reviews a district court's ruling on a motion for summary judgment de novo "using the same standards that guided the district court."[5]

Henderson makes three main arguments alleging that there is a genuine dispute of material fact regarding the nature of the contractual relationship between Atmos and Miller. First, he makes a contractual interpretation argument alleging that there is internal ambiguity between the MSA and the task request that makes summary judgment improper.[6] Henderson forfeited this argument, however, by "failing to raise it in the first instance in the district court."[7] Thus, we will not consider it on appeal.

---

[4] *Id.* (first quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); then quoting *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); then citing *Hooper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994); and then quoting *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994)).

[5] *Graham v. Amoco Oil Co.*, 21 F.3d 643, 645 (5th Cir. 1994).

[6] *See Gonzalez v. Denning*, 394 F.3d 388, 392 (5th Cir. 2004) ("In the context of contract interpretation, only when there is a choice of reasonable interpretations of the contract is there a material fact issue concerning the parties' intent that would preclude summary judgment.").

[7] *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021) ("A party forfeits an argument by failing to raise it in the first instance in the district court.").

No. 21-30046

Second, Henderson argues that the five-factor test employed by Louisiana courts to determine independent contractor status leans in favor of Miller being an employee.[8] The most important factor is whether, "from the nature of the relationship, [the employer] had the *right* to [control the work]."[9] The nature of the relationship between parties "is to be determined from the contract between them and from their intentions in establishing and carrying out that relationship as manifested in its performance and the surrounding circumstances."[10]

Henderson repeatedly argues that Atmos's evidence showing it did not exercise actual control is irrelevant to whether Atmos retained the right of control. Although it is correct that the primary inquiry is whether the right of control exists,[11] evidence of actual control sheds light on the parties' intentions regarding the contractual relationship. Atmos brought forth such circumstantial evidence to support its contention that Miller was an independent contractor on all factors. By contrast, Henderson brought forth no extrinsic evidence in support of his proposition that Miller was not an independent contractor; he instead relies on broad conclusory statements.

---

[8] *See Amyx v. Henry & Hall*, 277 La. 364, 371-72, 79 So. 2d 483, 486 (La. 1955) (detailing the five factors as: (1) whether there is a contract between the parties; (2) whether the work being done is of an independent nature and can be accomplished through non-exclusive means; (3) whether the contract "calls for a specific piecework as a unit to be done according to his own methods, without being subject to the control and direction . . . of his employer, except as to the result"; (4) whether there is a specified price for the work; and (5) whether the "duration is for a specified time and not subject to termination or discontinuance at the will of either side without a corresponding liability for its breach").

[9] *Id.* (internal quotations omitted).

[10] *Hickman v. S. Pac. Transp. Co.*, 262 La. 102, 116, 262 So. 2d 385, 390 (La. 1972).

[11] *See Simon v. Farm Bureau Ins. Co.*, 2019-278, p. 6 (La. App. 3 Cir. 3/4/20); 297 So. 3d 147, 151 ("It is not the actual supervision and control that is exercised but rather it is the right to exercise control which is of primary concern.").

This court cannot rely on such broad conclusory statements.[12]  "When everything that can be adduced at trial is before the judge on motion and the parties, while urging conflicting ultimate facts or conclusions, have no evidentiary disputes, a trial serves no useful purpose."[13]  Henderson did not raise a genuine dispute of material fact under the five-factor test.

Third, Henderson contends that even if Miller is an independent contractor, there is a genuine dispute as to whether Atmos exercised operational control over Miller such that Atmos can be held vicariously liable under the operational control exception.  A principal can be held vicariously liable for actions of its independent contractor when it reserves the right to supervise or control the contractor's work.[14]  For purposes of Louisiana law, this court has concluded that, "[o]perational control exists only if the principal has direct supervision over the step-by-step process of accomplishing the work such that the contractor is not entirely free to do the work in his own way."[15]

This court determined in *Landry v. Huthnance Drilling Co.*[16] that instructions given by a principal did not amount to operational control even though the principal "retained the right to inspect the connections, protect the pipe and connectors from damage and to tell [the contractor] the amount

---

[12] *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195-96 (5th Cir. 1986) ("There is no sound reason why conclusory allegations should suffice to require a trial when there is no evidence to support them even if the movant lacks contrary evidence.").

[13] *Fontenot*, 780 F.2d at 1197.

[14] *Fruge* ex rel. *Fruge v. Parker Drilling Co.*, 337 F.3d 558, 564 (5th Cir. 2003).

[15] *Id.*

[16] 889 F.2d 1469 (5th Cir. 1989).

No. 21-30046

of torque to apply."[17]  Although Atmos retained the right to opt to inspect the work site, that does not rise to the level of operational control.  Atmos also presented evidence that it did not actually exercise any control or supervision.   Henderson again points to no evidence supporting his contention that there is a genuine dispute of material fact on this point.

Henderson did not satisfy his burden.  There is no genuine dispute as to any material fact and therefore, Atmos was entitled to judgment as a matter of law.

### III

Henderson also argues that the district court erred in denying his motion for leave to amend his complaint.  This court reviews a district court's denial of a motion for leave to amend under an abuse of discretion standard.[18] Rule 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent."[19]  We have previously delineated four factors to consider when determining whether there is "good cause" under Rule 16(b): "(1) the explanation for failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice."[20]

The district court properly considered these factors and did not abuse its discretion in concluding that they weigh against allowing amendment. There was no reason why Henderson could have not filed his motion earlier.

---

[17] *Id.* at 1472.

[18] *Lampkin v. UBS Fin. Servs., Inc.*, 925 F.3d 727, 733 (5th Cir. 2019).

[19] FED. R. CIV. P. 16(b)(4).

[20] *Springboards To Educ., Inc. v. Hous. Indep. Sch. Dist.*, 912 F.3d 805, 819 (5th Cir. 2019) (quoting *Squyres v. Heico Cos.*, 782 F.3d 224, 237 (5th Cir. 2015)).

No. 21-30046

Henderson did not show that the importance of the modification was paramount. The district court did not err in determining that any resulting prejudice in allowing the amendment would outweigh any remaining considerations.

\*    \*    \*

The judgment of the district court is AFFIRMED.