333 So.2d 254 (1976)
Marshall Roy LARRIVIERE, Plaintiff-Appellee-Appellant,
v.
ROY YOUNG, INC., Defendant-Appellant-Appellee.
No. 5442.
Court of Appeal of Louisiana, Third Circuit.
May 26, 1976.
*255 Broussard, Broussard & Moresi by Marcus A. Broussard, Jr., Abbeville, for defendant-appellant.
John G. Poteet, Jr., Lafayette, for plaintiff-appellee.
Before HOOD, MILLER and PAVY, JJ.
MILLER, Judge.
Under an oral contract defendant contractor Roy Young, Inc. built a boat slip 20' long by 10' wide for plaintiff Marshall Roy Larriviere. Larriviere intended the 10' dimension to provide a 10' clearance while Young understood that width to represent exterior measurements. Although the slip was dredged to a width of ten feet and the outside dimensions of the completed boat slip met the 10' requirement, erection of the bulkheads, whaling, and pilings inside the dredged area resulted in an internal width of little more than seven feet. Young appeals the judgment awarding $2,000 damages for its failure to provide 10' clearance in the boat slip. Larriviere also appeals contending the award should be increased. We affirm.
Young performed the work at absolute cost in an effort to help Larriviere who is a Catholic priest. Both parties testified the interpretation to be placed on the 10' dimension was not discussed when the contract was confected. Larriviere was out of state when the work was performed.
The parties agreed Larriviere made a pen sketch of the proposed work at the time the contract was confected and the sketch was retained by Larriviere. The sketch is in evidence and supports the trial court conclusion that the 10' dimension was to provide an inside clearance of ten feet. Young failed to establish manifest error in the trial court's factual determination.
Furthermore, LSA-C.C. art. 1957 directs that ambiguity is to be construed "against him who has contracted the obligation." LSA-C.C. art. 1958 provides for construction against the responsible party "... if the doubt or obscurity arise for the want of necessary explanation which one of the parties ought to have given." Where a layman contracts with a knowledgable and experienced businessman, the burden is on the latter to point out obscurity. To fulfill the burden on the experienced contractor in dealing with laymen, he should point to the inadequacy of the layman's instructions. For a similar result in a problem with different causes but similar parties, see Leithman v. Dolphin Swimming Pool Co., 252 So.2d 557 (La.App.4 Cir. 1971).
Larriviere's appeal seeks to increase the $2,000 award to the $3,500 he paid to increase the width to provide twelve feet of clearance and to provide supports to allow him to lift his boat out of the water. He also sought damages for wear and tear to his boat because of his inability to keep his boat in the boat slip, and for alleged mental anguish, etc.
*256 Although the contractor who modified Larriviere's boat slip was of the opinion that the change to provide twelve feet of clearance cost no more than it would have cost to provide ten feet of clearance, the trial court specifically rejected this testimony. Furthermore, the $3,500 cost of modification included other improvements which were not clearly required of Young. The trial court specifically rejected Larriviere's claim for damages to his boat and for his alleged mental anguish on finding none to have been proved.
Appellants failed to establish manifest error in the trial court's conclusions. The quantum awarded will be changed only if it is established to be so disproportionate as to amount to an abuse of discretion. Anderson v. Welding Testing Laboratory, Inc., 304 So.2d 351 (La.1974); Bitoun v. Landry, 302 So.2d 278 (La.1974). No such abuse has been established.
The trial court judgment is affirmed. Costs of this appeal are taxed equally to each party.
AFFIRMED.