343 So.2d 431 (1977)
Melvin L. MAXWELL and Elizabeth B. Maxwell, Plaintiffs-Appellees,
v.
Mae BERNARD, Defendant-Appellant.
No. 5809.
Court of Appeal of Louisiana, Third Circuit.
March 4, 1977.
*432 Luke J. Coussan, Lafayette, for defendant-appellant.
Bares & Placer by Allen R. Bares, Lafayette, for plaintiffs-appellees.
Before CULPEPPER, DOMENGEAUX and WATSON, JJ.
DOMENGEAUX, Judge.
Plaintiffs, Mr. and Mrs. Melvin L. Maxwell, instituted this action to recover the sum of $20,000.00 representing the cost of repairing certain alleged defects in a new home constructed for them by defendant, Mae Bernard. Mrs. Bernard filed a reconventional demand seeking the amount of $3,115.53, representing the alleged unpaid balance due her for services and certain materials provided in the construction of plaintiffs' home. After a trial on the merits the District Judge awarded plaintiffs the amount of $11,784.72 and rejected defendant's reconventional demand. Defendant has appealed suspensively to this court.
The extent of the written agreement entered into by the parties is a hand-written statement setting forth certain technical aspects of the construction. The document concludes:
"for the sum of ($86,000.00) Eighty-six Thousand Dollars.
 /s/ Mae Bernard "
*433 During the course of construction several alterations and modifications were made in the original plan raising the total cost of construction to approximately $94,000.00. All parties agree that plaintiffs paid defendant the sum of $94,000.00 for the construction of the home. Mrs. Bernard testified that the actual cost of construction was in excess of $92,000.00.
Mrs. Bernard contends that the agreement between herself and plaintiffs contemplated a "cost plus a fixed fee" contract and that her profit for services performed in accordance with the construction was to be a flat $5,000.00. On the other hand, plaintiffs argue that their interpretation of the agreement with Mrs. Bernard called for a total construction price of $86,000.00, which was to include the latter's profit. Plaintiffsadmit that certain additions were made, at their request, thereby raising the price to $94,000.00, which sum they paid to Mrs. Bernard. Mrs. Bernard also argues that she was not a "contractor" in the general sense of the term but rather merely "supervised" the construction of the home. Defendant claims that under the "cost plus a fixed fee" contract which she believed existed plaintiffs should have paid her in excess of $97,000.00 to include her $5,000.00 fixed fee profit.
We are of the opinion, at the outset, that Mrs. Bernard was an "independent contractor" and not merely a supervisor of the construction or an employee of the Maxwells. The term "independent contractor" has been well defined by the Supreme Court in the case of Hickman v. Southern Pacific Transport Company, 262 La. 102, 262 So.2d 385, 391 (1972):
"The law further recognizes that inquiry to determine whether a relationship is that of independent contractor or that of mere servant requires, among other factors, the application of the principal test: the control over the work reserved by the employer. In applying this test it is not the supervision and control which is actually exercised which is significant, the important question is whether, from the nature of the relationship, the right to do so exists."
The Supreme Court has further stated in Amyx v. Henry & Hall, 277 La. 364, 79 So.2d 483, 486 (1955) that:
"`An independent contractor is one who renders service in the course of an occupation representing the will of his employer only as to the result of his work, and not as to the means by which it is accomplished.'"
See also Johnson v. Dabbs, 194 So.2d 816 (La.App. 1st Cir. 1967), Ravare v. McCormick & Company, 166 So. 183 (La.App. 2nd Cir. 1936), and Merritt v. E. L. Bruce Company, 166 So. 195 (La.App. 2nd Cir. 1936).
In the instant case Mrs. Bernard hired each and every subcontractor to perform work on the job. She provided workmen's compensation insurance for those employees and also directly purchased all materials used in construction of the home. When questioned as to the degree of control which she exercised over the construction project she testified as follows:
"Q. The subcontractors that you contracted to build this house, those people were hired by you, were they not?
A. That's right.
Q. You had total control over their activities, did you not?
A. Well, as much as I can, yes.
Q. I mean by that the Maxwells did not have control over them, did they?
A. No."
The above quoted testimony, read in light of the factual context of this litigation, clearly indicates that Mrs. Bernard enjoyed the status of an independent contractor and was not a mere employee who was hired by the Maxwells to supervise construction.
Concerning the type of building contract executed by the parties, we are of the opinion that an honest dispute as to the nature thereof exists. Mrs. Bernard testified that her general procedure was to charge a fee for her services, which in this case was to *434 be $5,000.00. Apparently she originally contemplated that construction of the home would actually cost $81,000.00, and the $86,000.00 figure quoted by her to the Maxwells was intended to include her fee or profit. Mrs. Bernard contends that her fee was simply to be $5,000.00 above the total construction cost. Since the cost of building the home was in excess of $92,000.00, and the Maxwells paid her $94,000.00 Mrs. Bernard argues that an additional $3,115.53 is due her under the theory of a "cost plus a fixed fee contract".
The Maxwells argue that they operated under the assumption and impression that any figure quoted by Mrs. Bernard necessarily included her profit margin. The Maxwells testified that Mrs. Bernard never made mention of a "cost plus a fixed fee" concept. It is significant that, in her own testimony, Mrs. Bernard fails to state that her theory of the contract was ever communicated to the Maxwells. The only written evidence of the contract is the woefully inadequate above referred to written estimate signed by Mrs. Bernard. That document being unfortunately obscure, certain rules apply to the construction thereof. Civil Code Article 1958 provides:
"But if the doubt or obscurity arise for the want of necessary explanation which one of the parties ought to have given, or from any other negligence or fault of his, the construction most favorable to the other party shall be adopted, whether he be obligor or obligee."
Our Courts have long held that any obscure provision present in a written contract must be construed against the party preparing the agreement. See Hebert v. Briley, 295 So.2d 607 (La.App. 3rd Cir. 1974), writ refused, 300 So.2d 181 (La.1974); Succession of Cormier, 80 So.2d 571 (La. App. 1st Cir. 1955), and Ernest A. Carrere's Sons v. Rumore, 52 So.2d 57 (La.App.Orl. 1951). See also the Article at 50 Tul.L.Rev. 1, 33.
In the recent case of Larriviere v. Roy Young, Inc., 333 So.2d 254 (La.App. 3rd Cir. 1976), we stated:
"LSA-C.C. art. 1958 provides for construction against the responsible party. `. . . if the doubt or obscurity arise for the want of necessary explanation which one of the parties ought to have given.' Where a layman contracts with a knowledgeable and experienced businessman, the burden is on the latter to point out obscurity."
In light of the above cited statutory and jurisprudential rules of contractural construction we are compelled to concur in the trial judge's finding that the building contract must be construed against Mrs. Bernard. In so doing we find that the judge, a quo, correctly ruled that the contract was not one of the "cost plus a fixed fee" nature, and accordingly we affirm the district court's rejection of Mrs. Bernard's reconventional demand.
The final issue raised by this appeal concerns the cost of remedying the alleged defects in construction of the home. The Maxwells presented the testimony of one Alvin Hebert, who was accepted by the court as an expert in the field of appraisals and construction. Mr. Hebert provided the court with a detailed estimate indicating the specific defective items and the cost of repairing or replacing same. This expert witness quoted a sum of $11,784.72, and said figure as well as the nature of the alleged defects were virtually uncontradicted by Mrs. Bernard.
Our law implies that in every building contract the contractor or subcontractor shall perform in a workmanlike manner. See North American Contracting Corporation v. Gibson, 327 So.2d 444 (La.App. 3rd Cir. 1975), writ refused, La., 332 So.2d 280; Neel v. O'Quinn, 313 So.2d 286 (La.App. 3rd Cir. 1975), writ refused La., 319 So.2d 440; Nichols Ford Company, Inc. v. Hughes, 292 So.2d 345 (La.App. 2nd Cir. 1974). Civil Code Articles 2762, 2769.
The evidence adduced at trial clearly preponderated in plaintiffs' favor that numerous aspects of the construction performed on their home were done so in an unworkmanlike manner. The amount necessary to remedy the defects being clearly *435 proven, we are of the opinion that the trial judge correctly awarded plaintiffs the sum of $11,784.72.
For the above and foregoing reasons the judgment of the District Court is affirmed. Costs of this appeal are assessed against defendant-appellant.
AFFIRMED.