MILLER, Judge.
Plaintiff, Fernand J. Robicheaux, filed suit for personal injuries arising out of an intersectional collision occurring on September 9, 1969 in Abbeville, Louisiana. One vehicle was operated by plaintiff and the other by Marvin L. Frederick, a minor. Named as defendants were Joseph E. Frederick as administrator of the estate of his minor son, Marvin L. Frederick, Hollier Drug Store, Inc., Abbeville Delivery Service, Inc., Phoenix Insurance Company and The Travelers Insurance Company. Plaintiff subsequently filed a supplemental and amending petition naming as additional defendants John Hollier, Robert Hollier, Rene Broussard, d/b/a Rene’s Pharmacy, Robert Sonnier, d/b/a Sonnier’s Pharmacy, A.B.C. Insurance Company, X.Y.Z. Insurance Company, John Doe Insurance Company and Richard Roe Insurance Company. Defendants filed various pleadings, including answers, exceptions, and motions for summary judgment. The trial judge sustained motions for summary judgment filed by John Hollier, Robert Hollier, Rene Brous-sard and Robert Sonnier and plaintiff appealed to this court from that judgment.
The focus of this appeal centers around the formation of a delivery service, the status of the ' corporation (Abbeville Delivery Service,' Inc.) formed or purportedly formed to accomplish this delivery service, and the relationship of the four defendants-appellees to this operation. The offending vehicle was driven by Marvin L. Frederick who was making deliveries at the time as an employee of the delivery service.
The pertinent facts are that prior to September 1969, Hollier Drug Store, Inc., Rene’s Pharmacy and Sonnier’s Pharmacy, all of Abbeville, Louisiana, had their own vehicles and personnel for delivering packages to their customers. To reduce the cost of delivering packages, John Hollier approached the other drug store operators with a proposition that he was forming a corporation which would operate a delivery service for each drug store at a set price. They agreed to subscribe to the corporation’s services. John Hollier, through his attorney, prepared and executed articles of incorporation for Abbeville Delivery Service, Inc. and filed these articles with the Secretary of State who issued a certificate of incorporation on September 8, 1969, certifying September 4, 1969 as the date corporate existence began.
The corporation operated two delivery trucks, with one truck to pick up packages at Rene’s Pharmacy and the other to pick up packages at Sonnier’s Pharmacy. The two trucks would then rendezvous at Hol-lier’s Drug Store to pick up additional packages. The packages were then sorted into two parts, one for the south and the other for the north side of Abbeville. Marvin L. Frederick would then deliver packages to the north side and the other driver would deliver packages to the south side of Abbe-ville. This procedure was repeated approximately six times a day according to a schedule set up by John Hollier, in his capacity as President of Abbeville Delivery Service, Inc.
Each delivery boy was given a certain amount of cash every morning by Abbeville Delivery Service, Inc. in order to make change. When a particular delivery was paid for in cash the boy would accept the money and on one of the following scheduled pickups, he would account for the cash received to the particular drug store which was to receive the money. The accident allegedly occurred while Marvin L. Frederick was in the process of delivering packages.
*185 In order to sustain a motion for summary judgment, the mover must show by way of pleadings, depositions, admissions on file, or affidavits, “that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law”. Code of Civil Procedure Article 966.
Relative to the two defendants, Rene Broussard, d/b/a Rene’s Pharmacy and Robert Sonnier, d/b/a Sonnier’s Drug Store, plaintiff-appellant contends that there is a genuine issue of material fact as to whether Abbeville Delivery Service, Inc. (and its employees) was the agent, servant, or employee of the three drug stores, including Hollier’s Drug Store, or whether Abbeville Delivery Service, Inc. was an independent contractor.
Plaintiff states that prior to the incorporation papers being signed John Hollier entered into a verbal agreement with each of these three drug stores whereby the delivery service agreed to make deliveries during the period of a month of 1000 packages for the sum of $250.00 or $.25 per package and $.20 per package for deliveries in excess of 1000 during the month. The three drug stores had the power to terminate the agreement at any time. Further, that after delivery all cash sales were paid directly to the respective drug stores by the delivery boy, and that the drug stores had the right to control deliveries to the extent that they had the right to order the delivery of an emergency package. Thus plaintiff contends that there is a genuine issue of material fact relative to the extent of control by the drug store which could only be determined after trial on the merits. Plaintiff cites the case of Amyx v. Henry and Hall, 227 La. 364, 79 So.2d 483 (1955).
The Amyx case involved the question of whether or not a dump truck operator was an employee of certain gravel pit operators who had hired him to haul gravel for them on a per yard basis with a contract terminable at the will of either party. The Supreme Court held that the relationship was that of employer-employee rather than independent contractor and stressed the fact that the prime element was the right of control. In the Amyx case' the dump truck operator’s truck was loaded through use of the defendant’s own equipment, defendant’s foreman supervised the quality and quantity of the gravel to be loaded and once the truck was loaded the driver was given, at the outset and thereafter, specific instructions by defendant as to where to go and which route to follow. The defendant carried the truck driver on his weekly payroll, deducted the prorata share of workmen’s compensation and carried liability insurance covering all phases of the relationship.
In the instant case neither Robert Sonnier nor Rene Broussard owned any interest in the corporation or in any of the delivery trucks, neither furnished any cash, equipment, or supplies for the performance of the delivery service, they did not hire Marvin L. Frederick nor did they pay his wages, nor did they have any authority to fire him or any other delivery boy. They had absolutely no control over any of the operating schedules or procedures. Plaintiff-appellant seems to rely primarily on the fact that Broussard and Sonnier had the right to terminate the contract at will and also that they had the right to request certain emergency’ drug deliveries. It is quite true that they had the right to terminate the contract between themselves and Abbe-ville Delivery Service, Inc., but they had no authority to terminate the employment of any delivery boy. Regarding any so-called emergency deliveries both Broussard and Sonnier testified they handled their own “rush” orders, but even had they not done so emergency orders would simply be an additional service under the. contract performed during the course of a normal day’s delivery schedule. The depositions establish quite clearly that these delivery boys were not at the beck and call of the individual druggists.
Plaintiff-appellant’s additional argument that the Abbeville Delivery Service, Inc. was the agent of Sonnier and Broussard has no basis in fact. Neither had any control over the delivery service which was a *186 corporation formed by John Hollier as president. The vice-president was Robert C. Hollier and the secretary-treasurer was Evelyn B. Hollier. Time schedules for the pick up were directed by John Hollier as President of the corporation and all the operations were directed by him in that manner. Broussard and Sonnier were simply offered a delivery service for a certain price and that was the extent of the relationship. The relationship was one of contract rather than employment and accordingly the motion for summary judgment as to Broussard and Sonnier was properly sustained.
Regarding the other two defendants, John Hollier and Robert Hollier, plaintiff-appellant contends that there is a genuine issue of material fact as to whether or not Abbeville Delivery Service, Inc. was merely the alter ego of the said defendants.
Plaintiff-appellant argues that Abbeville Delivery Service, Inc. was merely the alter ego of John and Robert Hollier. He contends that the corporation was not legally incorporated, claiming that the corporation papers were not an authentic act, nor were they duly acknowledged, and that there was a dispute as to whether or not the sole in-corporator John Hollier properly swore to or signed the incorporation articles under oath or in the presence of a Notary and two witnesses. Plaintiff claims that a trial on the merits would be necessary to pierce the corporate veil, and thus show that it was merely the alter ego of John and Robert Hollier. Plaintiff contends that both of these defendants were officers of Abbeville Delivery Service, Inc., operated the service from their drug store, that no meetings of the corporation were held and that the relationship between Abbeville Delivery Service, Inc. and John and Robert Hollier were interwoven and indistinguishable.
This so-called doctrine of “alter ego” presupposes the perpetuation of fraud not necessarily on the corporation itself but upon third persons dealing with the corporation, and the use of the corporation as a mere agency for the transaction of one’s own private business. See Texas Industries, Inc. v. Dupuy et al., 227 So.2d 265 (La.App. 2 Cir. 1969). There was no fraud or even hint of fraud in this instance. The articles were by private act, signed by John Hollier in the presence of two witnesses and acknowledged before a Notary Public all of which is authorized by LSA-R.S. 12:24. The Articles of Incorporation of Abbeville Delivery Service, Inc., were accepted by the Secretary of State who issued a certificate on September 8, 1969 certifying corporate existence as beginning September 4, 1969. The corporation was organized to serve three separate and competing drug stores, hardly the alter ego of only one. The mere fact that the directors of the corporation had not met subsequent to the creation of the corporation is certainly understandable from the fact that the articles were signed on September 4, 1969, filed with the Secretary of State on September 8 and the accident happened on September 9, 1969. Moreover a close relationship between the directors and officers and the corporation is not prohibited by the Corporation Act. All the evidence presented paints a picture of a typical closely held corporation operated as a separate and distinct entity.
We find no material issue of fact presented to the trial court relative to the status of Abbeville Delivery Service, Inc. or the relationship of John and Robert Hol-lier to the corporation and the motions for summary judgment were properly sustained as to them.
The judgment of the trial court sustaining the motions for summary judgment filed by Rene Broussard, Robert Sonnier, John Hollier, and Robert Hollier, is affirmed. Costs of this appeal are assessed to plaintiff-appellant.
Affirmed.