LANDRY, Judge.
Plaintiff, Charles L. Bennett (Appellant), appeals judgments sustaining motions for summary judgment dismissing Appellant’s action against defendants, Mary S. Talley, State Farm Mutual Automobile Insurance Company (State Farm), as alleged insurer of Mary S. Talley, and Prentiss Talley, Sr., for damages sustained in a rear end automobile accident. We dismiss the appeal from the judgment in favor of Mrs. Talley and State Farm. We reverse1 the judgment sustaining the motion for summary judgment in favor of Prentiss Talley, Sr., and remand this matter to the trial court.
The judgment sustaining the motion of Mary S. Talley and State Farm for summary judgment dismissing Appellant’s demands as to said movers was signed November 5, 1973, and notice thereof duly sent to Appellant on said same date. Appellant did not apply for a new trial. The judgment sustaining the motion of Prentiss Talley, Sr. for summary judgment dismissing Appellant’s claims as to said defendant was signed September 24, 1973. Notice thereof was not mailed to Appellant until December 5, 1973. Appellant did not apply for a new trial. On December 10, 1973, Appellant moved for and was granted de-volutive appeals from each of the aforesaid judgments. Bond was posted February 14, 1974.
A judgment dismissing plaintiff’s action on a motion for summary judgment is a final judgment. LSA-C.C.P. arts. 968 and 1841.
LSA-C.C.P. art. 2087 provides that a de-volutive appeal, must be taken and the bond therefor posted within 90 days of the delay for applying for a new trial as provided for in LSA-C.C.P. art. 1974, if an application for new trial is not filed.
When notice of judgment is required, the three day delay for applying for a new trial commences to run the day after notice is mailed. LSA-C.C.P. art. 1974. November 5, 1973, was a Monday. The delay for applying for a new trial as regards the judgment in favor of Mary S. Talley and State Farm, expired November 8, 1973. The 90-day period for taking and *772 perfecting a devolutive appeal from said judgment commenced November 9, 1973, and expired before bond was posted on February 14, 1974. LSA-C.C.P. art. 2087.
Failure to timely post an appeal bond necessitates dismissal of an appeal. Such remission constitutes a jurisdictional defect which an appellate court may notice ex proprio motu. Safeco Insurance Company v. J. D. Blackwell d/b/a Blackwell Body Shop et al., La.App., 288 So.2d 85.
Summary judgment lies only when the pleadings, depositions and admissions of record, together with affidavits, if any, clearly show the absence of a genuine issue of material fact, and that movant is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Delta Equipment and Construction Co., Inc. v. Royal Indemnity Co., La.App., 186 So.2d 454.
Summary judgment is not a substitute for trial on the merits and may be invoked only where there is no genuine issue of material fact to be resolved. LSA-C.C.P. art. 966; Burrus v. Guest House of Opelousas, Inc., La.App., 195 So.2d 173.
In disposing of a motion for summary judgment, all doubt must be resolved in favor of trial on the merits. Henderson v. Falgout, La.App., 188 So.2d 208.
Appellant’s pleadings allege that he was injured on January 28, 1972, when his automobile, traveling slowly in a line of traffic, was struck from the rear by a vehicle belonging to Agnes H. Busby, and immediately thereafter Appellant’s car was again rear ended by the Busby car which was struck from behind by a 1966 Dodge belonging to Mary S. Talley. The Talley car was reputedly insured by State Farm, and being driven by Prentiss Talley, Jr., accompanied by his father, Prentiss Talley. Sr.
Talley, Jr. is alleged to have been negligent in his operation of the vehicle. Judgment by default was rendered in favor of Appellant against said driver. Liability of Talley, Sr. is predicated on his being allegedly engaged in a joint venture with his son, namely, the two were returning home from work at a plant in Geismar, Louisiana. Talley, Sr. and Jr., are alleged to be omnibus insureds of State Farm. No basis for liability on the part of Mary S. Talley was alleged other than her reputed ownership of the vehicle involved.
Prentiss Talley, Sr. answered denying all allegations relative to him. Mary S. Talley and State Farm answered denying all allegations relative to them, including Mrs. Talley’s alleged ownership of the vehicle involved in the accident. State Farm denied coverage of the vehicle in question. In response to interrogatories filed by Appellant, Talley, Sr. deposed that Mary S. Talley is his mother (the grandmother of Talley, Jr.) ; that Mary S. Talley and her grandson, Talley, Jr., maintain separate residences; that the vehicle involved in the accident belonged to 30 year old Talley, Jr., who is the vehicle’s registered owner; that when the accident occurred, Talley, Jr. was returning from work at Geismar, Louisiana, and that Talley, Sr. had no knowledge of who insured the vehicle involved.
An affidavit by Talley, Jr. states that he is 28 years of age; that the vehicle involved belonged to him; that his father was a guest passenger in the vehicle at the time of the accident, and that Talley, Jr. was neither the agent, servant nor employee of his father.
The record also contains an affidavit by Talley, Sr. It recites that on the day in question, affiant was a guest passenger in the 1966 Dodge owned and being driven by affiant’s son. It further recites that the son, who was of lawful age, was not the agent, employee or servant of the father.
In addition, the record contains a copy of the police report of the accident. The report lists Talley, Jr. as owner of the 1966 Dodge in question.
In support of the motions by Mary S. Talley and State Farm, these parties produced an affidavit by State Farm’s Service Superintendent Joe V. Georgan (?), recit *773 ing that State Farm did not insure either Talley, Jr. or the 1966 Dodge automobile involved in subject accident. It also states that State Farm did not insure any other vehicle owned by Talley, Jr. Mrs. Talley filed an affidavit alleging she did not reside with her grandson. She also denied ownership of the vehicle in question, and further denied that either her son or grandson were acting on her behalf at the time of the accident.
Appellant countered with his personal affidavit alleging that, at the scene of the accident, Appellant overheard Talley, Sr. tell the investigating officer that Talley, Sr. owned the automobile involved in the collision; that the car was insured by State Farm, and that at the time of the accident, Talley, Jr. was acting as the agent of Talley, Sr. To his affidavit, Appellant appended a report from the Casualty and Surety Division, Louisiana Insurance Rating Commission, indicating that the vehicle involved in the collision belonged to Mary S. Talley, and was insured by State Farm in limits of $5,000-$10,000 for the policy period August 18, 1971 to 1972.
The pleadings, affidavits and answers to interrogatories indicate that liability of Talley, Sr., if any, must stem from either an agency or joint venture relationship with his son who was driving at the time of the accident. As to this issue and the question of ownership of the vehicle (which is relevant thereto), we note that the affidavits of Mary S. Talley, Talley, Sr. and Talley, Jr. indicate that Talley, Jr. was driving the vehicle, and that Talley, Sr. was a guest passenger. The affidavits of the father and son show that the son was not the father’s agent, and that there was no joint venture involved. On the matter of insurance coverage, the affidavits establish that State Farm did not insure the vehicle in question.
Appellant’s counter affidavit and proof in the form of the police report and report of the Casualty and Surety Division contradict each other to some degree. Appellant’s affidavit asserts that Appellant heard the elder Talley inform the investigating officer that Talley, Sr. owned the vehicle; that the automobile was being driven by Talley, Jr., as the father’s agent at the time of the accident, and that the car was insured by State Farm. The police report offered by Appellant shows the car belonged to young Talley. The report of the Casualty and Surety Division indicates Mary S. Talley owned the vehicle.
Appellee refers to testimony appearing of record and taken upon confirmation of Appellant’s default judgment against Talley, Jr. It tends to refute Appellant’s averments regarding the admissions allegedly made by Talley, Sr. to the investigating officer concerning ownership of the vehicle and insurance coverage thereof. The record indicates that this testimony was offered after the trial court signed the judgment dismissing Appellant’s claim as to Talley, Sr. The trial court could not have considered this evidence in disposing of the elder Talley’s motion for summary judgment. Neither can we consider it in disposing of the issue presented on this appeal. A motion for summary judgment must be determined by the pleadings, affidavits, depositions and other documents of record at the time the matter is heard. LSA-C.C.P. art. 966.
Under the circumstances, we find that Appellant’s offers show a genuine dispute as to material facts, namely, whether Talley, Sr. owned the vehicle; whether Talley, Sr. was insured by State Farm, and whether Talley, Jr. was acting as the agent of or was engaged in a joint venture with his father.
Although Appellant’s tendered proof appears somewhat nebulous, it suffices that it raises genuine issues of material facts. At this juncture, it is not within our province to determine the weight or credibility of Appellant’s proof. We entertain some doubt in the matter, however, that doubt must be resolved in favor of trial on the merits. Henderson v. Falgout, above.
*774 The judgment of the trial court granting the motion for summary judgment on behalf of defendant, Prentiss Talley, Sr., is reversed and set aside, and this matter is remanded to the trial court for trial of the following issues: (1) Was Prentiss Talley, Sr. owner of the vehicle involved in the accident; (2) Was Prentiss Talley, Sr. insured by State Farm, and (3) Was Pren-tiss Talley, Jr., the agent of or engaged in a joint venture with Prentiss Talley, Sr. while driving the automobile at the time of the accident. All costs of these appeals are assessed one-half to Appellant, Charles L. Bennett, and one-half to Defendant, Prentiss Talley, Sr.
Dismissed in part, reversed in part and remanded with instructions.