311 So.2d 575 (1975)
Marshall ODOM, Plaintiff-Appellant,
v.
Robert G. EAVES et al., Defendants-Appellees.
No. 4977.
Court of Appeal of Louisiana, Third Circuit.
April 21, 1975.
*576 Plauche, Smith & Hebert by James R. Nieset, Lake Charles, for defendant-appellant.
Russell T. Tritico, Lake Charles, for plaintiff-appellant.
Hall & Coltharp by H. O. Lestage, III, DeRidder, Terry F. Hessick, Baton Rouge, for defendants-appellees.
John P. Navarre, Oakdale, for plaintiff-appellee.
Before FRUGE, CULPEPPER and DOMENGEAUX, JJ.
FRUGE, Judge.
This is an appeal from a summary judgment. Plaintiff Marshall Odom was involved in an automobile accident with a vehicle owned and operated by Robert G. Eaves. Plaintiff is suing for the wrongful death of his wife, Mrs. Lucindy Odom, and for his own injuries. The suit was filed against Eaves, Security Timber Land Corporation and its insurer All-Star Insurance Company, and Boise-Southern Company. Plaintiff alleges that a master-servant relationship existed between Eaves and Security Timber Land Corporation and Boise-Southern Company, making them vicariously liable for the negligence of Eaves. After suit was filed the State of Louisiana, through the Health and Social Rehabilitation Services intervened to recover assistance payments and medical expenses paid on behalf of plaintiff.
Both Security Timber Land Corporation and Boise-Southern moved for a summary judgment contending that Robert G. Eaves was an independent contractor and no master-servant relationship existed between themselves and Eaves. The trial court granted a summary judgment in favor of Boise-Southern but denied the motion of Security. Both the plaintiff and Security have appealed the granting of the summary judgment in favor of Boise-Southern. We reverse and remand.
At the trial of the motion for summary judgment Boise-Southern introduced affidavits of Thomas R. Harris, its timber procurement manager, and of G. R. Guillory, its assistant industrial relations manager.
The affidavit of Harris states that at the time of the accident Boise had rate agreements with Security Timber Land Corporation for delivery of timber to Boise-Southern. Six contracts which Boise had with Security were also introduced. Harris' affidavit states that Boise exercised no control over the means and methods employed by Security for fulfilling its contracts, that Security was to acquire the timber from other owners, and that Boise withheld no monies (for social security, workmen's compensation insurance, etc.) from the sums paid to Security for the timber produced under the rate agreements.
The affidavit of G. R. Guillory asserted that Eaves was not on the payroll records of Boise-Southern and that Eaves was not employed either directly or as agent at the time of the accident.
The deposition and affidavit of Mr. Tallie J. Perkins were also introduced. Mr. Perkins is Vice President of Security Timber *577 Land Corporation. Perkins testified that Security is basically a timber brokerage firm which contracts with Boise and other mills to cut and deliver timber. After contracting with Boise and other mills, Security in turn contracts with individual pulpwood harvesters like Eaves to do the actual cutting and hauling. Perkins testified that Security owns little or no harvesting or delivery equipment of its own.
Security is paid by Boise on a cut and haul basis according to the contract between them. Security in turn paid Eaves and other "haulers" on a per load basis according to weight and distance. All expenses of maintenance of the trucks is borne by the driver-owners. Security does carry workmen's compensation insurance and this coverage is required by Boise as a prerequisite to doing business.
Perkins stated in affidavit and deposition that on the date of the accident Eaves was hauling wood from a tract of land owned by Boise-Southern cut to Boise specifications and that Boise specified the type and size of timber to be cut.
The law of Louisiana is clear that a summary judgment is not a substitute for trial on the merits. A summary judgment may be invoked only when there is no genuine issue of material fact to be resolved. In disposing of a motion for summary judgment, all doubt must be resolved in favor of trial on the merits. La. Code Civ.Pro. Art. 966; Berthelot v. Travelers Ins. Co., 304 So.2d 59 (La.App.1st Cir. 1974); Bennett v. Allstate Ins. Co., 303 So.2d 770 (La.App.1st Cir. 1974).
The law with regard to who is an independent contractor is set out in Hickman v. Southern Pacific Transport Co., 262 La. 102, 262 So.2d 385 (1972), and Amyx v. Henry & Hall, 227 La. 364, 79 So.2d 483 (1955). In those cases the Supreme Court stated that the independent contractor relationship involves a contract between the parties; the independent nature of the contractor's business; and the nonexclusive means the contractor may employ in accomplishing the work. It must also be shown that a specific price for the overall undertaking is agreed upon; that the duration of the undertaking is for a specific time and not subject to termination or discontinuance at the will of either side without a liability for its breach.
In both Hickman and Amyx the court emphasized that the most pertinent inquiry in determining whether a relationship is one of independent contractor or masterservant is "the control over the work reserved by the employer." Hickman v. Southern Pacific Transport Co., 262 So.2d at 391. The court in Hickman stated further:
"In applying this test it is not the supervision and control which is actually exercised which is significant, the important question is whether, from the nature of the relationship, the right to do so exists." 262 So.2d at 391.
The affidavit and deposition of Tallie Perkins show that on the date of the accident Eaves, pursuant to an agreement with Security, was working on land owned by Boise-Southern. Eaves was cutting timber to be delivered to Boise's mill according to Boise's specifications.
We believe these facts recited in Perkins' deposition and affidavit raise a question of fact concerning the degree of control which Boise could exercise over Eaves. We are well aware of the interposition of Security between Boise and Eaves. Nonetheless, Odom and Security are entitled to trial of the issue of Eaves' relationship with Boise.
Counsel for Boise-Southern relies on several cases in which a summary judgment in favor of an alleged employer was sustained. Boise particularly relies on Robicheaux v. Frederick, 257 So.2d 183 (La.App.3rd Cir. 1972). In Robicheaux the plaintiff was injured in a collision with the driver of a truck of a drug store delivery service in Abbeville, Louisiana. The delivery service was incorporated. Suit was filed not only against the employee *578 and the delivery service corporation, but against the drug stores utilizing the delivery service. A motion for summary judgment in favor of the drug stores was sustained on appeal.
In sustaining the summary judgment this court noted that there was no showing of any potential control of the drug stores over the activities of the delivery service employee. We find Robicheaux distinguishable on this basis. In the case before us Eaves was allegedly hauling timber from Boise's land and Boise set the specifications for the kind and size of timber cut. The fact that Eaves may have been hauling from Boise's land clearly presents a situation not present in the Robicheaux case and raises a question of material fact as to the degree of control Boise retained over the activities of Eaves.
For the reasons assigned, the summary judgment of the trial court is reversed and the case is hereby remanded to the district court for further proceedings according to law. Costs of this appeal are assessed to defendant-appellee Boise-Southern.
Reversed and remanded.