980 So.2d 838 (2008)
Ralph LeCROY and Earline LeCroy, Plaintiffs-Appellees
v.
INTERIM HEALTH CARE STAFFING OF NORTH LOUISIANA, INC., Defendant-Appellant.
No. 43,080-CA.
Court of Appeal of Louisiana, Second Circuit.
April 2, 2008.
*839 Blue Williams, LLP, by Virgil Lacy, III, Mandeville, Hudson, Potts, & Bernstein, by William Craig Henry, Jan Peter Christiansen, Monroe, for Appellant.
Dollar Laird, LLP, by Johnny E. Dollar, John Carlton Laird, Monroe, for Appellees.
Brady Dean King, II, Monroe, for Defendant/Appellee, Louisiana Patients Compensation Fund.
Before BROWN, WILLIAMS, and CARAWAY, JJ.
BROWN, Chief Judge.
On June 7, 2001, Ralph LeCroy underwent arthroscopic surgical repair of a rotator cuff tear in his left shoulder at the Glenwood Regional Medical Center ("Glenwood") in West Monroe, Louisiana. While in recovery following the surgical procedure, *840 plaintiffs, LeCroy and his wife, alleged that Nurse Sasha Sanders over medicated LeCroy, resulting in respiratory distress and necessitating resuscitation. Plaintiffs further alleged that the deprivation of oxygen resulted in serious long-term health problems to LeCroy.
At the time of the incident, Nurse Sanders was working at Glenwood under a staffing agreement between Glenwood and Interim Health Care Staffing of North Louisiana, Inc. ("Interim"), by which Interim provided Glenwood with licensed nurses to fill shortages within Glenwood's nursing staff. Nurse Sanders was assigned to care for LeCroy by a Glenwood supervisory nurse.
On February 26, 2002, within the applicable one-year prescriptive period, plaintiffs filed a medical malpractice claim with the Patients' Compensation Fund ("PCF") against Glenwood, a qualified health care provider. A Medical Review Panel ("MRP") was constituted, and during the course of the panel proceedings, plaintiffs learned that Nurse Sanders was Interim's employee and that neither Interim nor Nurse Sanders was a qualified health care provider. Thereafter, on January 14, 2003, plaintiffs filed this petition for damages against Interim in the Fourth Judicial District Court. On May 16, 2003, at the request of the chairman of the MRP, plaintiffs filed a separate action in the Fourth Judicial District Court entitled "Petition for Rule" which directed Glenwood to show cause why the court "should not decide whether the medical review panel can address the standard of care deviation allegations with respect to Nurse Sasha Sanders...."
Glenwood opposed the rule to show cause on jurisdictional grounds but in the alternative claimed that Nurse Sanders was not an employee of Glenwood. A petition for intervention was filed by Interim opposing any judgment "permitting the medical review panel to consider and render an opinion concerning the medical treatment rendered by Interim Health Care employee, Sasha Sanders, in this case." In its memorandum to the court, Interim stated that Nurse Sanders "was an employee of Interim Health Care and working a shift as an independent contractor at Glenwood. It is undisputed that Nurse Sanders was NOT an employee of Glenwood." (Emphasis theirs).
The trial court found that Nurse Sanders was not a qualified health care provider under the Louisiana Medical Malpractice Act, and as such her conduct could not be reviewed by the MRP. Plaintiffs' Petition for Rule was denied and dismissed. No appeal from this ruling was taken. The MRP then ruled that Glenwood appropriately treated LeCroy; however, it also stated that in compliance with the court's ruling the review panel did not address plaintiffs' complaint concerning Nurse Sanders' negligence. Plaintiffs then sued Glenwood in district court. This suit was consolidated with the present action against Interim.
More than four years after the tort action was initiated, Interim filed an amended answer asserting the dual employee status of Nurse Sanders. On June 14, 2007, Interim filed a motion for summary judgment seeking a ruling by the trial court that Nurse Sanders was a dual employee of Interim and Glenwood.
Meanwhile, Glenwood, in the other consolidated proceeding, settled with plaintiffs for $35,000. The judgment approving the settlement dated August 21, 2007, provided that plaintiffs reserved all rights, claims, and causes of action for additional compensation from the Louisiana Patients' Compensation Fund, Nurse Sasha Sanders, Interim Health Care, and any of their insurers. The judgment stated that, *841 "[S]pecifically, all rights are reserved to Interim to pursue its defense that Nurse Sanders was a dual employee of Glenwood ... and [is] entitled to the protections of the Louisiana Malpractice Act."
In September 2007, the PCF intervened to protect the Fund's interest and possible exposure. Plaintiffs also filed a motion for summary judgment seeking a ruling that Nurse Sanders was solely an employee of Interim. Plaintiffs also argued that Interim was precluded from raising the issue of Nurse Sanders' dual employment status as a result of the pleadings submitted and judgment rendered on the Petition for Rule under the doctrines of res judicata, estoppel, judicial admission, and law of the case.
The trial court denied Interim's motion for summary judgment and granted plaintiffs' motion for summary judgment. The court held that Interim's claim that Glenwood was a "dual employer" was barred by res judicata, estoppel, judicial admission, and, alternatively, the law of the case.

Discussion
A summary judgment is subject to a de novo review on appeal using the same criteria as the trial court to determine whether summary judgment is appropriate. Magnon v. Collins, 98-2822 (La.07/07/99), 739 So.2d 191; Bumgardner v. Terra Nova Ins. Co. Ltd., 35,615 (La. App. 2d Cir.01/23/02), 806 So.2d 945. If the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law, then summary judgment is appropriate. La. C.C.P. art. 966(B); Bumgardner, supra.
Plaintiffs filed a Petition for Rule in the Fourth Judicial District case Ralph LeCroy and Earline LeCroy v. Glenwood Regional Medical Center, (Docket No. M37-2033), seeking a determination by the court as to whether the MRP could review Nurse Sanders' standard of care. Interim intervened and filed an opposition in the proceeding. Glenwood filed an independent opposition. The court concluded that the MRP could not review Nurse Sanders' actions because she was not a qualified health care provider. Plaintiffs argue that, in order to reach this conclusion, the trial court must have found that Nurse Sanders was not an employee of Glenwood and that Interim is now barred from raising the issue of Sanders' dual employment status under the doctrines of res judicata, judicial confession, equitable estoppel, and law of the case.
A legal presumption exists that hospitals retain and exercise the right to control nurses provided to the hospital by an agency. Medical Review Panel Proceedings for Claim of Tinoco v. Meadowcrest Hosp., 03-0272 (La.App. 4th Cir.09/17/03), 858 So.2d 99. In Tinoco, even though a nurse was a direct employee of a staffing agency, the court determined that because the hospital's supervisory/managerial employees controlled the daily work assignments and work activities of the agency nurses, both the staffing agency and the hospital were responsible for the nurse's negligence. The court in Tinoco, 858 So.2d at 107-08, reasoned that
nurses working under contract with a hospital can clearly be deemed to be employees, because nurses have less autonomy than physicians.... The hospital is presumed to have control over the actions of its nurses, whether they are agency nurses or regular hospital employees.
Under the doctrine of respondeat superior, employers are responsible for the torts of their employees committed during the course and scope of employment. La. C.C. art. 2320; Pender v. Elmore, 37,690 *842 (La.App. 2d Cir.09/24/03), 855 So.2d 930, writ denied, 03-2968 (La.01/16/04), 864 So.2d 632. In determining whether an employment relationship exists, the jurisprudence of this state has uniformly held that the most important element to be considered is the right of control and supervision over an individual. Savoie v. Fireman's Fund Ins. Co., 347 So.2d 188 (La.1977); Clinton v. Reigel By-Products, Inc., 42,497 (La.App. 2d Cir.09/19/07), 965 So.2d 1006. Factors to be considered are the selection and engagement of the worker, the payment of wages, and the power of control and dismissal. Pender, supra; Franklin v. Haughton Timber Co., 377 So.2d 400 (La.App. 2d Cir.1979), writ denied, 380 So.2d 624 (La.1980). The most important inquiry, however, is whether the principal retained the right to control the work. In applying this test, it is not the supervision and control actually exercised which is significant; the important question is whether, from the nature of the relationship, the right to do so exists. Ledent v. Guaranty National Ins. Co., 31,346 (La.App. 2d Cir.12/28/98), 723 So.2d 531; Slaughter v. Georgia Casualty & Surety Co., 415 So.2d 312 (La.App. 2d Cir.1982), writ denied, 420 So.2d 979 (La.1982).
In Morgan v. ABC Manufacturer, 97-0956 (La.05/01/98), 710 So.2d 1077, 1082-3, the Louisiana Supreme Court stated:
Our jurisprudence has held that special and general employers may be solidarily liable in tort to third parties injured by the negligence of their employees. In LeJeune v. Allstate Ins. Co., 365 So.2d 471 (La.1978), we addressed the issue of whether the general employer of a negligent employee remained liable for its employee's tort despite the fact that the employee had been borrowed to perform services for a special employer at the time of an accident. We held that a general and special employer may be solidarily liable for injuries to a third party caused by an employee's negligence.
...
[B]oth employers had contemporaneous control over Hines, and both contemporaneously benefited from his labor. It is therefore reasonable that considering the overlapping control and shared financial interest that they share liability.
Again, we note that the Fourth Circuit in Tinoco, supra, found that a legal presumption existed that the hospital retained and exercised the right to control agency nurses working at the hospital.
The record does not show affirmatively that the issue of Nurse Sanders' possible dual employment was adjudicated in the Petition for Rule filed by plaintiffs against Glenwood. We also note that the judgment approving the later settlement specifically allowed Interim to pursue its dual employment claim. Accordingly, we find that the trial court erred in applying res judicata, judicial confession, equitable estoppel, and law of the case to bar Interim from now claiming dual employment status for Nurse Sanders.
Nurse Sanders was an employee of Interim and paid by Interim. She was, however, controlled by Glenwood at the time of the alleged incident. She was assigned by Glenwood to care for LeCroy and instructed by Glenwood's supervisory nurse as to that care. There were conflicting factual questions and summary judgment was not proper. La. C.C.P. art. 966.

Conclusion
For the forgoing reasons, we AFFIRM the trial court's denial of Interim's motion for summary judgment, REVERSE the granting of Ralph and Earline LeCroy's motion for partial summary judgment, and REMAND for further proceedings consistent *843 with this opinion. Costs are assessed equally to plaintiffs and Interim.
CARAWAY, J., concurs with written reasons.
CARAWAY, J., concurring.
I concur in the majority's ruling and add the following.
Interim has inconsistently argued at various times in these protracted and confused proceedings that Sanders either was not the employee of Glenwood or was the employee of both Glenwood and Interim. What is consistent in the arguments of Interim, however, is that Sanders was always its employee for whom Interim is vicariously liable. Another important fact is that Interim is afforded no protection as a health care provider covered by the medical malpractice act. Accordingly, I find no legal relevance in the issue of dual employment as now presented to the court in the two opposing motions for summary judgment. The issue may become relevant in the event the issue of prescription is raised. Likewise, should Interim choose to seek contribution from Glenwood or the Patients' Compensation Fund ("PCF") because of the solidary vicarious responsibility of the dual employers, a factual determination of whether dual employment existed may become relevant. In any event, none of the parties, including the PCF, should be afforded the defense of issue preclusion or res judicata based upon the procedurally unsanctioned and unjustified "Petition for Rule" action which previously occurred. Cf. La. R.S. 13:4232(A)(1). That strange proceeding, in which plaintiffs prayed for no specific relief, was denied and dismissed, accomplishing no binding resolution of anything.